CHAPMAN, Banking Commissioner, et al. v. COCHRAN. (No. 1196.)*

(Court of Civil Appeals of Texas. Beaumont. April 1, 1925. Rehearing Denied April 8, 1925.)

1. Banks and banking ⊜⊃15—Evidence held to sustain finding that plaintiff legal owner of alleged noninterest-bearing and unsecured deposit.

Evidence *held* to sustain finding that plaintiff was legal owner of noninterest-bearing and unsecured deposit evidenced by certificates of deposit, which deposit plaintiff ·is seeking to have paid under depositors' guaranty fund.

2. Banks and banking ⊜⊃15—Plaintiff held to have made prima facie showing of ownership of alleged noninterest-bearing and unsecured deposits.

Plaintiff, seeking to have noninterest-bearing and unsecured deposit paid out of depositors' guaranty fund, *held* to have made a prima facie showing of ownership.

3. Banks and banking ⊜⊃15—Evidence held not to show payment of interest on alleged noninterest-bearing and unsecured deposits in view of plain statements in certificates that no interest was to be paid.

In suit by plaintiff to have noninterest-bearing and unsecured deposit paid out of depositors' guaranty fund, that burden of proving payment of interest was on defendants, and cashier's check payable to original holder of certificates, not stamped paid nor shown to have been paid was not sufficient to show payment of interest.

4. Banks and banking ⊜⊃15—Deposit on which no interest paid from maturity to closing of bank is a noninterest-bearing and unsecured deposit payable out of guaranty fund.

Certificate of deposit stating that no interest was to be paid after maturity, which matured without payment of interest before bank closed, *held* to evidence noninterest-bearing and unsecured deposit payable out of depositors' guaranty fund, notwithstanding alleged payment of interest in advance.

5. Evidence ⊜⊃413—Parol evidence inadmissible to contradict terms of written contract of deposit.

Where contract of deposit as shown by certificate specifically provided that no interest was to be paid either before or after maturity, and it was not alleged that such provision was fraudulently inserted, and that deposit was intended to bear and did bear interest, terms of such contract could not be varied or contradicted by parol evidence showing that customary rate of interest was being paid on such deposit.

6. Banks and banking ⊜⊃15—Indorsement of noninterest-bearing and unsecured deposit merely for purpose of transferring ownership does not make deposit "otherwise secured," releasing it from protection of depositors' guaranty fund.

The indorsing of a noninterest-bearing and unsecured deposit to another merely for purpose of transferring ownership· does not make such deposit "otherwise secured" within meaning of Guaranty Fund Law releasing such deposit from protection of guaranty fund, but term "otherwise secured" as used in such law means secured by bank issuing certificate of deposit otherwise than by the depositors' guaranty fund.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Otherwise.]

Appeal from District Court, Polk County; J. L. Manry, Judge.

Action by Jeff Cochran against J. L. Chapman, Banking Commissioner, and another. Judgment for plaintiff, and defendants appeal. Affirmed.

W. A. Keeling, Atty. Gen., and Riley Strickland, Asst. Atty. Gen., for appellants.

Campbell, Myer, Simmons & Hawkins, of Houston, for appellee.

O'QUINN, J.   This suit was originally brought by Jeff Cochran, as plaintiff below, against J. L. Chapman, banking commissioner of the state of Texas, and the Shepherd State Bank and San Jacinto county, by petition filed in the district court of San Jacinto county, Texas, on December 5, 1923. Cochran claimed to be the owner of a deposit in the Shepherd State Bank in the sum of $16,000, which he alleged was a noninterest-bearing and unsecured deposit on the 19th day of August, 1921, the date said bank ceased to do business and was closed by the banking commissioner, and sought to have

said deposit classed as a noninterest-bearing and unsecured deposit payable out of the guaranty fund. By agreement of the parties, the suit was transferred to the district court of Polk county, Texas. March 25, 1924, plaintiff amended his petition, dropping his suit against San Jacinto county, and asserted his cause of action, identical with that alleged in the original petition, against the other defendants, to wit: Chapman, the banking commissioner, · and the Shepherd State Bank, and prayed for judgment establishing his claim as a noninterest-bearing and unsecured deposit payable out of the guaranty fund. Plaintiff, in said amended original petition, alleged:

"Plaintiff alleges in this respect that he is the owner and holder in due course of two (2) noninterest-bearing and unsecured certificates of deposit each for the sum of eight thousand ($8,000) dollars, evidencing said noninterest-bearing and unsecured deposit issued by defendant bank on the 16th day of December, 1919, and payable to Harold G. Wise & Co."

The defendants filed an amended original answer, in which they pleaded a general demurrer, special exceptions, general denial, and several special pleas, among which was (1) that $1,900 was paid in advance to Harold G. Wise & Co., the original holders of the deposit certificates as interest on said deposit; and (2) "that the certificates of deposit sued upon were transferred to San Jacinto county by Harold G. Wise & Co. as a part of the consideration for the purchase of $200,000 worth of road bonds which Wise & Co. bought at par and accrued interest; that in consideration of the purchase of the certificates of deposit of the Shepherd State Bank, amounting to $24,000, the said Wise & Co. received $1,900 interest in advance, which, at the usual rate of interest, would continue until after the maturity of said certificates, and, therefore, the holder of said certificates was not protected by the depositors' guaranty fund." This answer was duly verified by defendant Chapman.

The case was tried before the court without a jury and judgment rendered for plaintiff establishing his claim as a noninterest-bearing unsecured deposit payable out of the depositors' guaranty fund. From that judgment the case is here by appeal.

It was agreed between the parties: (a) That the Shepherd State Bank was a state banking corporation, incorporated under the laws of the state of Texas, and did a banking business at Shepherd, San Jacinto county, Texas, from 1919 to August 19, 1921, and that it operated under the depositors' guaranty fund system, and as such institution was in good standing until said date of August 19, 1921, · when it was closed by the commissioner of insurance and banking. (b) That within ninety (90) days after the publication of the notice to creditors and depos-

itors, plaintiff, Cochran, filed his claim as a noninterest-bearing and unsecured deposit in said bank in the sum of $16,000, and that on June 29, 1923, the commissioner of insurance and banking refused to allow said claim as payable out of the depositors' guaranty fund, and this suit was filed within six months after such refusal to enforce its allowance and classification as a claim entitled to the protection of the guaranty fund.

Appellants present 17 propositions under 15 assignments of error, but the controlling questions are: (a) Did the proof show appellant to be the owner of the deposit evidenced by the certificates of deposit? (b) Was the deposit such a deposit as is protected by the depositors' guaranty fund? If these questions are to be answered in the affirmative, then ·the judgment should be affirmed; otherwise it should be reversed and remanded.

[1] As to the ownership of the deposit: The Shepherd State Bank, on December 16, 1919, issued three certificates of deposit for $8,000 each, to Harold G. Wise & Co., numbered 7, 8, and 9, payable to the order of Harold G.· Wise & Co. 18, 19, and 20 months after date, respectively. It is not disputed but that said bank received the $24,000 from Harold G. Wise & Co. for which the certificates were issued. Harold G. Wise & Co. indorsed the certificates without recourse to San Jacinto county, and J. E. Phillips, as county treasurer of said county indorsed· said certificates in blank, and for their full face value paid to him in cash by appellee, and delivered them to appellee.

We think the evidence amply shows that appellee was the owner and holder of the certificates evidencing the deposit in question. It is undisputed that Harold G. Wise & Co. deposited $24,000 in the Shepherd State Bank receiving three certificates of deposit, each for $8,000, numbered 7, 8, and 9, and payable 18, 19, and 20 months after date, respectively; that Harold G. Wise & Co. indorsed said certificates over to San Jacinto county; that J. E. Phillips, county treasurer of San Jacinto county, indorsed as county treasurer of San Jacinto county the certificates to plaintiff, Cochran, and that he was the holder of numbers 8 and 9 at the time the bank was closed by the commissioner of insurance and banking. Neither of the indorsements on the certificates, each of which was made for the purpose of transferring title to and possession of said certificates, is questioned. Cochran paid full value in cash for the certificates representing the deposits. San Jacinto county received the money for them, applied the money to its own use and benefit, and is not claiming the deposit.

[2] Appellants insist that they having attacked the regularity of the transfer from San Jacinto county, to appellee by a verified plea, the burden was on appellee to' show that Phillips, the county treasurer of San

Jacinto county, was authorized by the commissioners' court of said county to transfer by indorsement the certificates to appellee, and that as appellee made no such proof, therefore he has not shown ownership of the certificates. We think that when appellee pleaded that he had on deposit in the Shepherd State Bank, at the time it was closed, the sum of $16,000, which was non-interest-bearing and unsecured, and that he was the owner and holder in due course of the two certificates of deposit evidencing the said deposit of $16,000, and made proof of the deposit and produced the certificates duly indorsed, and showed that he had acquired same by paying to J. E. Phillips, county treasurer of San Jacinto county, full value for same before maturity, and that said certificates were indorsed by Phillips as county treasurer and delivered to him; that he thus made at least a prima facie case of ownership, and that the burden was then on appellants to show that Phillips was not duly authorized to transfer said certificates. This they did not do, and so plaintiff's showing of ownership was not disputed. Furthermore, the Shepherd State Bank, one of the appellants, had full knowledge of Cochran's claiming and holding the certificates, and had recognized his right thereto by paying to him $8,000 called for by certificate No. 7 when same fell due. The court had all the testimony before it as to the ownership of the certificates, and found that Cochran was the legal owner, and we think the evidence ample to sustain the finding.

[3] Was the deposit noninterest-bearing and unsecured? Certificate No. 8 reads:

"The Shepherd State Bank. No. 8. 88–1291.
    "Shepherd, Texas, December, 16, 1919.

"Certificate of Deposit. Not Subject to Check.

"Harold G. Wise & Co. has deposited in this bank eight thousand dollars ($8,000.00) payable to the order of Harold G. Wise & Co. in current funds on the return of this certificate properly indorsed 19 mos. after date, with interest at none per cent. per annum if left none months.         Ed Cochran, Cashier.

"No interest after maturity.
"Maturity 19 mos. after date.
"July 16, 1921."

Indorsed on back:

"Without recourse, pay to the order of J. E. Phillips, county treasurer of San Jacinto County, Texas. Harold G. Wise & Co., by W. W. Wise.

"J. E. Phillips, Co. Treas.
"Jeff Cochran."

No. 9 is identical with No. 8, except that it is numbered 9 and is payable 20 months after date. They both state plainly that no interest is to be paid either before or after maturity. But appellants say that interest in the sum of $1,900 was paid by the Shepherd State Bank in advance on the deposit of $24,000, and to prove this introduced a cashier's check drawn on the Shepherd State Bank for the sum of $1,900, of date December 16, 1919, the same date as the deposit certificates, payable to Harold G. Wise & Co., and signed by Ed Cochran, cashier of said bank. This check was indorsed by Harold G. Wise & Co., and also bears the indorsement of two Houston banks, but it is not stamped or stencilled "Paid," and there is no evidence that it was paid, other than the inference to be drawn from the fact that it was found in the Shepherd State Bank among the papers of the bank. This check was found in what is called a "note envelope," that is an envelope that has a note printed on the outside, which it was testified, is used for the convenience of putting collateral on the inside. The note printed on the envelope was a regular printed form used by the Shepherd State Bank, and dated "Shepherd, Texas, January 8, 1920" (23 days after the issuance of the certificates of deposit), for the sum of $1,900, payable to the order of the Shepherd State Bank on demand, and in the blank space between printed portions of the note, in writing, are these words: "H. G. Wise, Interest on $24,000." The note was not signed, and bore no indorsements of any kind. This note envelope, with one end torn off, just as any other envelope is opened, and with the cashier's check on the inside, was found among the papers of the bank by the liquidating agent who took charge of the bank.

There is no explanation of the check or the note envelope, other than the physical facts as shown by them, and that they were found in the bank among its papers. Appellants say that these facts show that $1,900 was paid as interest on the original deposit of $24,000, represented by the three certificates of deposit. We do not think so, but that they evidence an incomplete transaction, unexplained. We do not think that payment of the check and that same was for interest on the deposit should be presumed, when that presumption is in direct conflict with the contract of deposit evidenced by the certificates, and is based upon mere suspicion. Appellants could have taken the depositions of Harold G. Wise & Co., or of the agents of the banks through which the cashier's check had passed as to whether it had been paid, but did not do so, and we do not believe that payment of the check should be presumed, and then the further presumption be indulged that the payment was for interest on the deposit, all in contradiction of the plain and positive terms of the written contract of deposit, when appellants had it within their power to make certain that which is uncertain, and failed to do so. The burden of proving the payment of interest was upon them. The court heard and considered all this evidence, and held that it did not show

payment of interest on the deposit, and we think the finding has ample support in the record.

[4, 5] Moreover, if it had been shown that the $1,900 was paid as interest on the deposit, the written clause in the certificates of deposit that no interest was to be paid after maturity, and as each of the certificates had been due for some time before the bank closed, therefore, the certificates at the time the bank closed did not bear interest, and the deposit was, under the law, at such time a noninterest-bearing and unsecured deposit. If it should be conceded that interest was paid from the date of the certificates until due, but that after becoming due no interest was to be paid, as both of said certificates fell due before the bank was closed, and at the time of closing were not interest-bearing, they fell within the protection of the law. The fact that they had once borne interest, but were not doing so at the date of the bank's closing, would not bar them from the protection afforded by the guaranty fund.

Appellants seem to concede that this is true. They allege:

"* * * That in consideration of the said Wise & Co. purchasing the certificates of the Shepherd State Bank, amounting to $24,000, the said Wise & Co. received $1,900 interest in advance as aforesaid, which, at the usual rate of interest, would continue until after the maturity of said certificates, and that San Jacinto county and the plaintiff herein were only the transferees of the certificates of deposit, for which the payee received interest, and, therefore, the holder of said certificates is not protected by the depositors' guaranty fund and is not entitled to recover herein."

Under this plea, they attempted to show that interest on the deposit was being paid at the time of the closing of the bank, by offering to prove that at the "usual and customary" rate of interest charged by state banks, the sum of $1,900 paid as interest on the deposit of $24,000 would have continued the interest-paying period until after the date of the closing of the bank, and complain that the court erred in not permitting them to prove the usual rate of interest charged by state banks, saying that such proof would have shown that 4 per cent. was the rate. We do not think the court erred in excluding the evidence. The contract of deposit, as shown by the certificates of deposit, specifically provided that no interest was to be paid either before or after maturity. It is not believed that a custom may be proven that will vary the terms of a written contract. There is no allegation by appellants that the statements in the certificates of deposit that they should bear no interest, either before or after maturity, were fraudulently inserted to hide the real transaction, and that, in fact, the deposit was intended to bear and did bear interest. In the absence of such allega-

tion, evidence to vary and contradict the terms of the written contract, complete and unambiguous on its face, is not admissible.

[6] Appellants insist that the judgment should be reversed, because if appellee is the legal owner and holder of the deposit certificates in question, and if said deposit was in truth and in fact noninterest-bearing, still the deposit is not such as is within the protection of the guaranty fund, because said deposit was "otherwise secured" within the meaning of the Guaranty Fund Law (Rev. St. art. 486). This contention is based upon the fact that the certificates of deposit were indorsed over to appellee by J. E. Phillips, county treasurer of San Jacinto county, without limitation. In other words, appellants contend that appellee had San Jacinto county liable to him on its indorsement for the payment of the certificates of deposit, and, therefore, the deposit was "otherwise secured," and appellee is not entitled to judgment. The assignment is overruled. It is believed that the words "otherwise secured" found in the law as it was at the time the right of action herein accrued meant secured by the bank issuing the certificate of deposit, otherwise than by the depositors' guaranty fund. Moreover, it is believed that where a certificate of deposit is indorsed to another merely for the purpose of transferring ownership, such indorsement is not such security as will release the deposit from the protection of the guaranty fund.

Appellants present other propositions, but we do not deem it necessary to discuss them. They have all been carefully considered and are overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.