**AUSTIN, State Banking Com'r, et al. v. COCHRAN.   (No. 877–4417.)**

Commission of Appeals of Texas, Section B.
Feb. 22, 1928.

**1. Banks and banking ☞15—One claiming to be owner of noninterest-bearing, unsecured deposit in closed bank has burden of proof.**

Plaintiff claiming to be owner of a noninterest-bearing, unsecured deposit in a closed bank has burden of showing not only that he was a depositor at time bank failed, but that the deposit was a noninterest-bearing one.

**2. Appeal and error ☞989—Only evidence most favorable to issue will be considered in determining whether any evidence supports finding.**

In determining question of law, whether there is any evidence or not, it is proper to consider only that evidence most favorable to issue and to disregard entirely that which is opposed to it or contradictory in its nature.

**3. Banks and banking ☞15—Evidence held insufficient as matter of law to sustain finding of ownership of noninterest-bearing, unsecured deposit in closed bank.**

In suit against state banking commissioner by one claiming to be owner of a deposit alleged as a noninterest-bearing, unsecured deposit, evidence *held* insufficient as a matter of law to sustain finding that deposit at time of failure was a noninterest-bearing one.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by Jeff Cochran against Charles O. Austin, State Banking Commissioner, and another. Judgment for plaintiff was affirmed by the Court of Civil Appeals (271 S. W. 169), and defendants bring error. Reversed and rendered.

W. A. Keeling, of Austin, and Riley Strickland, of Amarillo, for plaintiffs in error.

Campbell, Myer, Simmons & Hawkins, of Houston, for defendant in error.

SPEER, J. Jeff Cochran filed suit against the state banking commissioner, the Shepherd State Bank, and San Jacinto county, claiming to be the owner of a deposit in the Shepherd State Bank in the sum of $16,000, which, he alleged was a noninterest-bearing, unsecured deposit on August 19, 1921, the date when the bank ceased to do business and was closed by the banking commissioner. By amendment, San Jacinto county was dropped from the suit, and upon trial the plaintiff had judgment against the remaining defendants according to his prayer. The judgment was affirmed by the Court of Civil Appeals for the Ninth District. 271 S. W. 169.

The claim of defendant in error grew out of an assignment to him of two certificates of deposit for the sum of $8,000 each, originally issued by the bank to Harold G. Wise &

Co., along with another in the same amount, each of which certificates was in the following form:

"The Shepherd State Bank.      No. 8.  88–1291.
"Shepherd, Texas, December 16, 1919.

"Certificate of Deposit.  Not Subject to Check.

"Harold G. Wise & Co. has deposited in this bank eight thousand dollars ($8,000.00) payable to the order of Harold G. Wise & Co. in current funds on the return of this certificate properly indorsed 19 mos. after date, with interest at none per cent. per annum if left none months.
                                             "Ed. Cochran, Cashier.

"No interest after maturity.
"Maturity 19 mos. after date.
"July 16, 1921."

Indorsed on back:

"Without recourse, pay to the order of J. E. Phillips, county treasurer of San Jacinto county, Texas.  Harold G. Wise & Co., by W. W. Wise.
"J. E. Phillips, Co. Treas.
"~~Jeff Cochran.~~"

Certificate No. 9, one of the two held by defendant in error, was identical with the above, save that it was payable 20 months after date.

We will not consider the interesting question whether or not defendant in error as assignee, without any prior or other relations with the bank than of these certificates of deposit, would in any event be a depositor within the meaning of our Guaranty Fund Bank Law (Rev. St. 1925, arts. 437–489), since our conclusion upon the question of interest renders such decision unnecessary.

The Court of Civil Appeals upon this issue sustained the judgment of the trial court to the effect that the deposit was a noninterest-bearing one. That court's statement as to this issue and its conclusions are as follows:

"But appellants say that interest in the sum of $1,900 was paid by the Shepherd State Bank in advance on the deposit of $24,000, and to prove this introduced a cashier's check drawn on the Shepherd State Bank for the sum of $1,900, of date December 16, 1919, the same date as the deposit certificates, payable to Harold G. Wise & Co., and signed by Ed. Cochran, cashier of said bank. This check was indorsed by Harold G. Wise & Co., and also bears the indorsement of two Houston banks, but it is not stamped or stencilled 'Paid,' and there is no evidence that it was paid, other than the inference to be drawn from the fact that it was found in the Shepherd State Bank among the papers of the bank. This check was found in what is called a 'note envelope,' that is an envelope that has a note printed on the outside, which it was testified, is used for the convenience of putting collateral on the inside. The note printed on the envelope was a regular printed form used by the Shepherd State Bank, and dated 'Shepherd, Texas, January 8, 1920' (23 days after the issuance of the certificates of deposit), for the sum of $1,900, payable to the order of the Shepherd State Bank on demand,

and in the blank space between printed portions of the note, in writing, are these words: 'H. G. Wise, Interest on $24,000.' The note was not signed, and bore no indorsements of any kind. This note envelope, with one end torn off, just as any other envelope is opened, and with the cashier's check on the inside, was found among the papers of the bank by the liquidating agent who took charge of the bank.

"There is no explanation of the check or the note envelope, other than the physical facts as shown by them, and that they were found in the bank among its papers. Appellants say that these facts show that $1,900 was paid as interest on the original deposit of $24,000, represented by the three certificates of deposit. We do not think so, but that they evidence an incomplete transaction, unexplained. We do not think that payment of the check and that same was for interest on the deposit should be presumed, when that presumption is in direct conflict with the contract of deposit evidenced by the certificates, and is based upon mere suspicion. Appellants could have taken the depositions of Harold G. Wise .& Co., or of the agents of the banks through which the cashier's check had passed as to whether it had been paid, but did not do so, and we do not believe that payment of the check should be presumed, and then the further presumption be indulged that the payment was for interest on the deposit, all in contradiction of the plain and positive terms of the written contract of deposit, when appellants had it within their power to make certain that which is uncertain, and failed to do so. The burden of proving the payment of interest was upon them.  *  *  *

"Moreover, if it had been shown that the $1,900 was paid as interest on the deposit, the written clause in the certificates of deposit that no interest was to be paid after maturity, and as each of the certificates had been due for some time before the bank closed, therefore, the certificates at the time the bank closed did not bear interest, and the deposit was, under the law, at such time a noninterest-bearing and unsecured deposit. If it should be conceded that interest was paid from the date of the certificates until due, but that after becoming due no interest was to be paid, as both of said certificates fell due before the bank was closed, and at the time of closing were not interest-bearing, they fell within the protection of the law. The fact that they had once borne interest, but were not doing so at the date of the bank's closing, would not bar them from the protection afforded by the guaranty fund."

[1-3] The burden of proof was upon defendant in error to show not only that he was a depositor at the time the bank failed, but that his deposit was a noninterest-bearing one. It cannot be said that the burden of proving the payment of interest was upon the plaintiffs in error. Of course, in determining the question of law whether there is any evidence or not, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. But we do not think there is any conflict whatever between the certificate of deposit and the testimony (circumstances) showing payment of interest. The latter does not in any sense contradict the "positive terms of the written contract of deposit." We think the cashier's check of date December 16, 1919, in favor of Harold G. Wise & Co., which comes from a proper source in the bank and which is shown to have been indorsed by Harold G. Wise & Co., in connection with the memorandum on the envelope in which it was contained, "H. G. Wise interest on $24,000," uncontradicted as it is in any way, indisputably shows that the bank paid interest in that amount upon the $24,000 deposit by Harold G. Wise & Co. This interest, in the absence of a contrary intention, necessarily covered the period of the deposit, whether the certificates were paid at or after maturity. There is nothing in the evidence of payment of interest to show that the intention of the parties was otherwise. There is nothing in the evidence to show that the character of the deposit was changed at any time from an interest-bearing to a noninterest-bearing deposit. Proof thus made of the payment of interest in advance in no manner contradicts the certificates which stipulate for no interest. Indeed, the interest had been paid. It is not a mere presumption of payment, but the evidence (though circumstantial) is conclusive that interest was paid to Harold G. Wise & Co. on the deposit. There is no evidence to the contrary. We think, therefore, that the plaintiff failed as matter of law to make out his case, and that the trial court should have rendered judgment for the defendants.

We therefore recommend that the judgments of both courts be reversed and judgment be here rendered for plaintiffs in error.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals reversed, and judgment rendered for plaintiffs in error.

CURETON, C. J., not sitting.