## INTERNATIONAL SECURITY LIFE INSURANCE CO.

v.

## Alva JASPER.

### No. 8047.

Court of Civil Appeals of Texas, Amarillo.

March 16, 1970.

Rehearing Denied April 27, 1970.

Bryan & Amidei and A. J. Bryan, Fort Worth, for appellant.

Cox & Hurt and Steve Hurt, Plainview, for appellee.

NORTHCUTT, Justice.

Alva Jasper, as plaintiff, brought this suit against International Security Life Ins. Co., as defendant, to recover hospital and doctor bills as provided for under insurance policy issued by defendant in favor of plaintiff. The plaintiff sought to recover $1,911.00 for hospital and doctor bills and for reasonable attorney's fee in the sum of $1,000.00, and 12% statutory penalty in the sum of $229.33, together with interest on the full amount of the judgment from date of the judgment at the rate of 6% per annum.

The case was tried to the court without a jury. Judgment was entered granting judgment for the plaintiff for the $1,911.00 hospital and doctor bills, for $750.00 attorney's fee and $229.33 statutory penalty, and interest at the rate of 6% per annum from date of the judgment. From that judgment, defendant perfects this appeal. The parties will be referred to herein as they were in the trial court.

Defendant presents this appeal upon nine points of error contending by the first eight points that the plaintiff did not negative separate provisions, exclusions and limitations contained in the policy, and by the ninth point that plaintiff did not plead or offer proof that demand for payment was ever made upon defendant as required by Art. 3.62, Texas Insurance Code, V.A.T.S.

No requests were made of the court to make and file findings of fact and conclusions of law, and none were filed. It was stipulated by the parties that the policy here introduced, issued by defendant, was the basis of this suit, and was in full force and effect during all material times; that the charges by the hospital and anesthetist were reasonable and necessary and that they were usual and customary charges; that $750.00 was reasonable attorney's fee; that Dr. Sibley was a duly licensed physician and well qualified, and that the plaintiff complied with the policy provisions with reference to the notice of claim and proof of loss.

There is no contention here as to the correct amount due under the policy here involved as found by the trial court. The defendant stipulated that plaintiff complied with the policy provisions with reference to the notice of claim and proof of loss.

The undisputed record shows that the plaintiff was treated for bronchitis, esophagitis and hiatus hernia, and was operated to correct the hernia all as testified to by Dr. Sibley.

■ No findings of fact and conclusions of law were requested and none were filed by the trial court. Therefore, "we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law." City of Abilene v. Meek, Tex.Civ.App., 311 S. W.2d 654 (writ ref'd); Newport Oil Co. v. Lamb, Tex.Civ.App., 352 S.W.2d 861; Long Falls Realty Co. v. Anchor Electric Co., Tex.Civ.App., 405 S.W.2d 170; Ellison v. Butler, Tex.Civ.App., 443 S.W.2d 886; Central Texas Iron Works, Inc. v. Red Arrow Freight Lines, Inc., Tex.Civ. App., 440 S.W.2d 674 (writ dism'd). In Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, it is stated:

"No findings of fact or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto 'it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature.' Austin v. Cochran, Tex.Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696."

■ We must consider the stipulations herein; what the patient was treated for; the testimony of the doctor, and other testimony, and the fact that the policy was in evidence, and that the court was of the opinion, and so held, that none of the provisions, exclusions or limitations applied herein to defeat the plaintiff's cause of action. The judgment of the trial court is affirmed.