**INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

v.

**Jim H. POWERS, Appellee.**

**No. 8068.**

Court of Civil Appeals of Texas, Amarillo.

Sept. 21, 1970.

Rehearing Denied Oct. 19, 1970.

Bryan & Amidei and Maurice Amidei, Fort Worth, for appellant.

Frank P. Dove, Panhandle, for appellee.

NORTHCUTT, Justice.

Jim H. Powers, plaintiff below, hereinafter referred to as appellee, sued International Security Life Insurance Co., hereinafter referred to as appellant, to recover doctor and hospitalization loss caused by an automobile accident in which plaintiff's wife was injured. The case was tried before the court without a jury. Before proceeding with the evidence the parties agreed and stipulated that the amount shown on each doctor and hospital statement introduced into evidence in the above numbered and titled cause was a reasonable and necessary expense, and further that it was stipulated the reasonable amount of attorney's fees should be one-half of the amount of recovery under the insurance policy in question.

As to the matters here involved, the court entered the following judgment:

"ON THE 28th day of November, 1969, came on to be considered the above entitled and numbered cause, and came counsel for Plaintiff and Defendant and announced ready for trial; Whereupon a jury having been duly summoned, the attorneys for Plaintiff and Defendant jointly announced to the Court that certain matters at issue had been agreed upon, to-wit:

(1) That one-half (½) the amount of the hospital bill of $1,428.20 or $714.10 is a reasonable attorney fee in this case;

(2) That $1,428.20 is a reasonable and necessary charge for the hospital and medical expense in this case;

and after such matters were stipulated, and prior to the introduction of any evidence, a jury was waived by the parties, and the cause proceeded to trial before the Court, and all matters in controversy, of fact as well as of law, were submitted to the Court for determination; and the Court after having heard and considered the pleadings of Plaintiff and Defendant and the evidence presented herein was of the opinion that Plaintiff should have judgment against Defendant for his medical expense as stipulated, his attorney fees, the statutory 12% penalty and court costs.

It is therefore ORDERED, ADJUDGED AND DECREED that Plaintiff have judgment against Defendant in the principal sum of $1,428.20, plus $171.38 as the statutory 12% penalty, plus the sum of $714.10 as reasonable attorney's fees, or a total of $2,313.68, for which Plaintiff may have his execution. The costs herein are taxed against Defendant."

From that judgment, the defendant perfected this appeal and contends that appellee had failed to plead and prove the hospital in question was a legally constituted hospital as defined in the policy; failed to plead or prove that the hospital and doctor expenses were authorized by a legally qualified doctor of medicine as provided in the policy; and that appellee failed to meet his burden of proof; and there was no evidence to negative the policy exclusions pleaded by appellant.

■ We are familiar with the rule that the plaintiff, when the defendant properly pleads a proper exclusion, that the plaintiff must show that he does not come within that exclusion. Neither of the parties excepted to the sufficiency of the pleadings herein. The appellant's answer contains the following allegations:

"(a) Said policy provides to the effect that any loss or disability resulting wholly or partly in or from sickness shall be covered only if it originates on or after the effective date of the said policy;

(b) Said policy provides to the effect that no indemnities whatsoever shall be payable for any loss or disability resulting wholly or partly in or from sickness originating prior to the effective date of said policy;

(c) Said defendant herein does hereby specifically plead in defense to the plaintiff's action the following provisions,

exclusions and limitations contained in said policy, to-wit;

(1) The provisions, limitations, and exclusions contained in the insuring clause of said policy;

(2) The provisions, limitations and exclusions contained in Part I of said policy;

(3) The provisions, limitations and exclusions contained in Part III of said policy;

(4) The provisions, limitations and exclusions contained in Part IX of said policy;

(5) The provisions, limitations and exclusions contained in Part X of said policy;

(6) The provisions, limitations and exclusions contained in Part XI of said policy."

The only claims sought to recover herein were the result of an automobile collision in which Mrs. Powers was injured, and the exclusions here involved are whether the hospital in question was a legally constituted hospital, and whether the doctor was a legally qualified doctor of medicine all as provided in the policy.

■■ We are of the opinion the admission made by appellant, that the amount shown on each doctor and hospital statement introduced into evidence was a reasonable and necessary expense was such admission as to constitute proof that the hospital in which Mrs. Powers was treated was a legally constituted hospital and that the doctor was a legally qualified doctor of medicine. We further hold that the appellant did not properly plead the exclusions in question. International Security Life Insurance Co. v. Howard, Tex.Civ.App., 456 S.W.2d 765. Rule 94, Texas Rules of Civil Procedure, provides that the insurer should not be allowed to raise such issues unless it so specifically alleges the particular exception.

An admission is a recognition as fact or truth. 2 C.J.S. p. 359; Mahoney v. Mahoney, Tex.Civ.App., 103 S.W.2d 459 (writ refused). We are of the opinion, and so hold, that when appellant made the stipulation or admission as was made herein concerning the hospital and doctor that it was such an admission as to constitute waiver of proof, and appellant was agreeing to their qualifications and was waiving proof by the plaintiff that the exclusions did not apply. Judgment of the trial court is affirmed.