**INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

v.

**Lawrence KUHLER et al., Appellees.**

**No. 8082.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 19, 1970.

Rehearing Denied Nov. 16, 1970.

Kuhler and his wife, Minnie Kuhler. Appellees based their cause of action on a policy of insurance issued by appellant. The case was tried before the court. The trial court rendered judgment in favor of appellee Lawrence Kuhler in the sum of $1,316.49, in favor of intervenor High Plains Baptist Hospital in the sum of $1,852.86, and in favor of intervenor St. Anthony's Hospital in the sum of $1,781.47. From that judgment, the appellant perfected this appeal.

Appellant presents this appeal upon 23 points of error. The first 19 points insist that appellees failed to meet their burden of proof in that there was no evidence to negative the policy exclusions pleaded by appellant. Each point relates to a different exclusion. The defendant pleaded that it was not liable for each and all of the following reasons:

"(a) Said policy provides to the effect that any loss or disability resulting wholly or partly in or from sickness shall be covered only if it originates on or after the effective date of the said policy.

(b) Said policy provides to the effect that no indemnities whatsoever shall be payable for any loss or disability resulting wholly or partly in or from sickness originating prior to the effective date of said policy.

(c) Said defendant herein does hereby specifically plead in defense to the plaintiff's action the following provisions, exclusions and limitations contained in said policy, to wit:

(1) The provisions, limitations and exclusions and exclusions contained in the insuring clause of said policy;

(2) The provisions, limitations and exclusions contained in Part I of said policy;

(3) The provisions, limitations and exclusions contained in Part III of said policy;

Bryan & Amidei and Maurice Amidei, Fort Worth, for appellant.

Fitzjarrald & Poole and J. O. Fitzjarrald, Lumpkin, Watson, Smith & Barras and Robert Page Smith, Sanders, Saunders, Scott, Brian & Humphrey and Robert H. Smith, Amarillo, for appellees.

NORTHCUTT, Justice.

Lawrence Kuhler, plaintiff below, appellee; High Plains Baptist Hospital, intervenor below, appellee; and St. Anthony's Hospital, intervenor below, appellee, sued International Security Life Ins. Co., hereinafter called appellant, to recover losses due to several hospitalizations of Lawrence

(4) The provisions, limitations and exclusions contained in Part IX of said policy;

(5) The provisions, limitations and exclusions contained in Part X of said policy;

(6) The provisions, limitations and exclusions contained in Part XI of said policy."

The only exceptions really pleaded were Sections (a) and (b) above set out. We are unable to determine by the remaining exceptions pleaded just what exceptions appellant is relying upon as each provision covers numerous exclusions.

Rule 94, Texas Rules Civil Procedure, provides in part as follows:

"Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; * * *."

Under such rule of pleading, defendant was required to *specifically allege* that the loss was due to a risk or cause coming within a *particular* exception to the general liability (emphasis ours). The purpose of Rule 94 is to give the opposing party notice of the defensive issues to be tried. Petroleum Anchor Equipment, Inc. v. Tyra (Tex. Sup.Ct.1967) 419 S.W.2d 829, 835; Reid v. Associated Employers Lloyds, Tex.Civ. App., 164 S.W.2d 584 (writ refused); Musso et al. v. Cronley et al., Tex.Civ.App., 422 S.W.2d 840.

■ We are familiar with the rule that where the defendant specifically denies liability, under a certain exception properly pleading the exception, that the plaintiff must show that the exception does not apply in plaintiff's cause of action. Appellant, in its answer here, refers to certain provisions, limitations and exclusions contained in several different parts of the policy as Part I, III, IX, X and XI. Some of those parts set out several separate exceptions, therefore, the defendant's answer does not specifically allege that the loss was due to a risk or cause coming within a particular exception that gives the plaintiff notice of the defensive issue to be tried. Appellant having failed to plead an affirmative defense waived the same, and appellant can not raise that defense for the first time on this appeal. T.I.M.E., Inc. v. Maryland Casualty Co., 157 Tex. 121, 300 S.W.2d 68. The evidence is sufficient to sustain the court's holding that the sickness originated after the effective date of the policy and not originating prior to the effective date of said policy.

By the remaining four points of error, appellant contends that appellees failed to prove that the medical expenses were necessarily incurred; that there was no evidence appellees made demand upon appellant to pay the claim sued upon pursuant to Art. 3.62 of the Texas Insurance Code, V.A.T. S.; and that 30 days elapsed thereafter prior to filing this suit; and that there was no evidence of an assignment to St. Anthony's Hospital nor to the High Plains Baptist Hospital of the claims of the Kuhlers. We have considered all of the evidence, as we are required to do, and find no merit in appellant's contentions.

■ There were no findings of fact and conclusions of law requested and none were filed by the trial court in the case. It was held in International Security Life Insurance Co. v. Jasper, Tex.Civ.App., 453 S.W. 2d 241 at 243 as follows:

"No findings of fact and conclusions of law were requested and none were filed by the trial court. Therefore, 'we must assume that the trial court's findings were all in support of its judgment; and [that] the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law.' City of Abilene v. Meek, Tex.Civ.App., 311 S.W.2d 654 (writ ref'd); Newport Oil Co. v. Lamb, Tex.Civ.App., 352 S.W.2d 861; Long Falls Realty Co. v. Anchor Electric Co., Tex.Civ.App., 405 S.W.2d 170; Ellison v. Butler, Tex.Civ.App., 443 S.W.2d 886; Central Texas Iron Works, Inc. v. Red Arrow Freight Lines, Inc., Tex.Civ.App., 440 S.W.2d 674 (writ dism'd). In Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, it is stated:

'No findings of fact or conclusions of law were requested of or filed by the trial judge. The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto "it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature." Austin v. Cochran, Tex. Com.App., 2 S.W.2d 831, 832; Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696.' "

We must consider what the patients were treated for; the testimony of the doctor, and other testimony; the fact that the policy was in evidence; and that the court was of the opinion, and so held, that none of the provisions, exclusions or limitations applied herein to defeat the plaintiff's cause of action. We have carefully considered all of appellant's assignments of error and overrule all of them. The judgment of the trial court is affirmed.