**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**Holbert Henry ROSSON and wife, Mary Aby Rosson, Appellees.**

**No. 8104.**

Court of Civil Appeals of Texas, Amarillo.

March 29, 1971.

Rehearing Denied April 26, 1971.

Bryan & Amidei, Frank H. Pope, Jr., Fort Worth, for appellant.

James K. Walker, Morton, for appellees.

ELLIS, Chief Justice.

This is an appeal by International Security Life Insurance Company, defendant in the trial court, from a judgment awarding the plaintiffs, Holbert Henry Rosson and wife, Mary Aby Rosson, appellees herein, benefits totaling $717.24, due to three (3) separate hospitalizations in Cochran Memorial Hospital of the said Mary Aby Rosson under a "medical and hospital policy" issued to plaintiffs by the insurance company, plus 12 per cent penalty and attorney's fees. The three hospitalizations and the amount awarded to plaintiffs in each respective instance were (1) $160.94 for hospital expenses from January 12, 1969, through January 16, 1969, and doctor's fees in the amount of $40.00; (2) $211.90 for hospital bills from January 17, 1969, through January 21, 1969, and $40.00 for doctor's fees; and (3) $222.40 for hospitalization from February 17, 1969, through February 21, 1969, and $42.00 for doctor's expenses.

The case was tried before the court without a jury. During the early stages of the trial, the parties stipulated and agreed that the charges made by Cochran Memorial Hospital for the three confinements of Mary Aby Rosson represented the usual and customary charges and the reasonable and necessary charges for like services rendered by "said hospital." Such stipulation together with three separate statements setting out the amount of charges for hospitalization and doctor's fees for each of the above mentioned periods of hospitalization were all introduced into evidence by agreement of the parties. The sum of $400.00 was also stipulated as being the reasonable amount for attoney's fees in the event plaintiffs were entitled to judgment in this cause. No express findings of fact or conclusions of law were requested and none were filed by the trial court. From the judgment awarded by the trial court, the appellant brought this appeal.

The appellant's answer upon which it went to trial consisted of a general denial as well as the following allegations:

"Said defendant would show that it has no liability for the claims as herein asserted by the plaintiff * * * ; that specifically the defendant is not liable for each and all of the following reasons, to-wit:

(a) Said policy provides to the effect that any loss or disability resulting wholly or partly in or from sickness shall be covered only if it originates on or after the effective date of the said policy.

(b) Said policy provides to the effect that no indemnities whatsoever shall be payable for any loss or disability resulting wholly or partly in or from sickness originating prior to the effective date of said policy.

(c) Said defendant herein does hereby specifically plead in defense to the plaintiff's action the following provisions, exclusions and limitations contained in said policy, to-wit:

(1) The provisions, limitations and exclusions contained in the insuring clause of said policy.

(2) The provisions, limitations and exclusions contained in Part I of said policy.

(3) The provisions, limitations and exclusions contained in Part II of said Policy.

(4) The provisions, limitations and exclusions contained in Part III of said Policy.

(5) The provisions, limitations and exclusions contained in Part VI of said Policy.

(6) The provisions, limitations and exclusions contained in Part IX of said Policy.

(7) The provisions, limitations and exclusions contained in Part X of said Policy.

(8) The provisions, limitations and exclusions contained in Part XI of said Policy."

It is here noted that appellees excepted to all of the above quoted allegations but failed to obtain a ruling of the trial court thereon and therefore such exceptions are admitted by appellees to have been waived.

Appellant presents this appeal on 11 points of error. In these points the appellant urges that the trial court erred in entering judgment for appellees because (1) appellees failed to negative the exceptions, limitations and exclusions pleaded by appellant (Points of Error No. 1 and Nos. 4–11, inclusive) and (2) appellees are not entitled to the award of the 12 per cent statutory penalty and attorney's fees with respect to that portion of appellees' claim for hospitalization and doctor's expenses for the period from February 17 through February 21, 1969, because of lack of evidence of demand for that particular portion of the total amount claimed by appellees as required by Article 3.62 of the Texas Insurance Code, V.A.T.S. (Points of Error Nos. 2 and 3).

Under the holding in the case of Sherman v. Provident American Insurance Co., 421 S.W.2d 652 (Tex.1967), the burden of proof is upon the insured to negate policy provisions, exclusions and limitations pleaded defensively by the insurance company, and, in the absence of exceptions, defensive pleadings in broad and general fashion, such as demonstrated in the above quoted pleading are sufficient to meet the "specific pleading" requirements of Rule 94, Texas Rules of Civil Procedure. An examination of the insurance policy introduced into evidence in the instant case discloses that the parts of the policy pleaded by appellant in defense to appellees' action, i. e., the insuring clause of the policy and Parts I, II, III, VI, IX, X and XI, contain several exceptions or exclusions or limitations as well as provisions which are not exceptions, limitations or exclusions. Since appellees waived their exceptions to the broad and general defensive pleadings (sometimes referred to as sham pleadings), and in view of the holding by the Supreme Court in the Sherman case above cited, we deem it appropriate to consider the appellant's points on their own merit in the light of the status of the pleadings along with the evidence submitted that may be properly regarded as negating the appellant's defensive pleadings.

Appellant contends in its first point of error that the trial court erred in rendering judgment for appellees for hospital and doctor's expenses for the period of February 17, 1969, through February 21, 1969, on the grounds that the losses or disability sued for during such period were wholly or partially for the treatment for a pre-existing sickness or injury of Mrs. Rosson. This point is affirmatively pleaded under "(a)" and "(b)" of defendant's answers above quoted, and is included among the exclusions listed in Part IX of the policy. According to the deposition of Dr. W. M. Dean, Mrs. Rosson was hospitalized on February 17 through February 21, 1969, for an acute urinary tract infection. Also, Doctor Dean testified that the condition for which Mrs. Rosson was hospitalized on February 17, 1969, did not relate to a condition that existed prior to

September 1, 1968, the date of issuance of the policy. Further, Doctor Dean defined "acute" as usually being a condition that does not relate back to something else that a patient has had over a long period of time. Doctor Dean further testified that the "previous condition" in this case does not necessarily cause an illness. We recognize that in one portion of his deposition, Doctor Dean testified that the illness for which Mrs. Rosson was hospitalized on February 17 through February 21, 1969, was caused "at least partially" by a pre-existing illness. Also, there was introduced into evidence a letter written by Dr. E. F. Houser placing the date of Mrs. Rosson's original illness as May 3, 1967, a date prior to the date of issuance of the policy in question.

It is obvious that the statements made by Doctor Dean are not in complete agreement. He did give definite testimony that the urinary tract infection did not relate to a condition that existed before September 1, 1968. In this connection, we call attention to the following testimony of Doctor Dean in his deposition:

"Q On the hospitalization of February 17th, 1969, through February 21st, 1969, does your diagnosis relate there to a condition that existed prior to September 1, 1968?

A No sir. Even though the complaints were similar, we felt like it was a completely new infection."

In another portion of the deposition, we find the following:

"Q All right. How much were the hospital charges for each hospitalization, if you will please.

A * * *. And the hospital charges for the third admission, the 17th of February through the 21st, $222.40.

Q And all of these were made under your orders and direction?

A That's correct.

Q And in your opinion, as I understood your prior testimony, correct me if I am wrong, you stated that none of these illnesses relate back to the time prior to September 1, 1968?

A That's correct."

It is elementary that where there is a conflict in the testimony, the court as the trier of the facts was entitled to accept such evidence as it believes from that produced during the trial. Also, the appellant requested no findigs of fact or conclusions of law and none were filed by the court. It is well established that in the absence of findings of fact and conclusions of law, as in the instant case, the judgment of the trial court should be affirmed if it can be upheld on any legal theory that may have support in the evidence. Life & Casualty Co. of Tennessee v. Rivera, 420 S.W.2d 788 (Tex.Civ.App.—Corpus Christi, 1967, no writ); International Security Life Insurance Co. v. Jasper, 453 S.W.2d 241 (Tex.Civ.App.—Amarillo 1970, no writ); International Security Life Insurance Co. v. Kuhler, 459 S.W.2d 480 (Tex.Civ.App.—Amarillo 1970, writ ref'd n. r. e). Further, if the court fails to make findings on disputed questions of fact, the reviewing court should presume that the trial court found the facts necessary to support its judgment. Blue Bonnet Life Ins. Co. v. Reynolds, 150 S.W.2d 372 (Tex.Civ.App.—Eastland 1941, writ ref'd). Under the evidence submitted and in view of the above cited authorities, we overrule appellant's Point of Error No. 1.

Among the various matters raised by appellant's defensive pleading which cast a burden of pleading and proof upon appellees are those set out in appellant's Points of Error Nos. 4 and 5. In these points it is contended that appellees did not allege or prove that Cochran Memorial Hospital was a legally constituted hospital within the terms of the policy, and that they failed to negative either by pleading or proof that Cochran Memorial Hospital was operated primarily as a rest home, con-

valescent home, clinic, maternity home or nursing home.

■ The pleading upon which appellees went to trial alleged that "Cochran Memorial Hospital is a hospital within the terms and definitions of the policy issued by Defendant to Plaintiffs * * *." The definition of a legally constituted hospital is set out in "Part III" of the policy which was pleaded defensively by appellant. Appellant filed no special exceptions concerning appellees' pleading in this respect and thereby waived any objection to the pleading. Dr. W. M. Dean testified in his deposition that he first hospitalized Mrs. Rosson in Cochran Memorial Hospital; that such hospital has a laboratory and x-ray equipment and an operating room where surgical operations may be performed; that it maintains full-time facilities for the care of overnight patients under the supervision of an M.D.; that the hospital has a graduate registered nurse that works there; that in the course of a patient's hospital stay room and food are furnished by the hospital; and that the hospital maintains complete and permanent records on the history of each patient. The evidence produced at the trial of this cause and the reasonable inferences that can be drawn therefrom appear to be sufficient in all essential respects to bring Cochran Memorial Hospital within the terms and definitions contained in Part III of the policy and to support the implication that Cochran Memorial Hospital was not an institution operated primarily as a rest or nursing home or similar type of institution. Also, in the absence of the request for or filing of the findings of fact and conclusions of law, by the trial court, the reviewing court is entitled to presume that the trial court found the facts necessary to support the judgment entered. Blue Bonnet Life Insurance Co. v. Reynolds, supra; Bradshaw, et al. v. Holmes, 246 S.W.2d 296 (Tex.Civ. App.—Amarillo 1951, writ ref'd n. r. e.); Life and Casualty Insurance Co. of Tennessee v. Rivera, supra.

In addition to the matters above discussed, we point out that in the recent case of International Security Life Insurance Co. v. Powers, 458 S.W.2d 936 (Tex.Civ.App. —Amarillo 1970, writ ref'd n. r. e.). this court held that the stipulation or admission of the insurer that the amounts shown on the doctor and hospital statements were reasonable and necessary expenses was such an admission as to constitute proof that the hospital in which the patient was treated was a legally constituted hospital and that the doctor was a legally qualified doctor of medicine. In this case, the court stated:

"An admission is a recognition as fact or truth. 2 C.J.S. p. 359; Mahoney v. Mahoney, Tex.Civ.App., 103 S.W.2d 459 (writ refused). We are of the opinion and so hold, that when the appellant made the stipulation or admission as was made herein concerning the hospital and doctor that it was such an admission as to constitute waiver of proof, and appellant was agreeing to their qualifications and was waiving proof by the plaintiff that the exclusions did not apply * * *."

■ In the instant case, the parties stipulated and agreed that the charges made by Cochran Memorial Hospital for the three confinements of Mrs. Rosson represent the usual and customary charges for like services rendered by "said hospital." In view of this stipulation and the decision in the above cited case, we hold that the stipulation was such admission on the part of the insurer as to constitute proof that the hospital in question was a legally constituted hospital under the terms of the policy, and constituted a waiver of proof that the exclusion of institutions operated primarily as a rest or nursing home did not apply. Appellant's Points Nos. 4 and 5 are overruled.

■ In appellant's Points of Error Nos. 6, 7 and 8, it is contended that appellee failed to negative the pleaded reduction or

limitation of the insurer's liability with respect to (1) pregnancy, childbirth or complications thereof, (2) adenoidectomy or tonsillectomy, or (3) repair of genital organs. An examination of the insurance policy admitted into evidence discloses that the three "reductions" above listed are set out in *Part V* of the policy. An examination of appellant's pleadings discloses that appellant neither pleaded "Part V" or any of the three above listed reductions as a part of its defense, nor did it attempt to introduce any evidence thereon. By reason of appellant's failure to plead or introduce evidence with respect to such matters it has waived such contentions and cannot raise these questions for the first time on appeal. State of California Department of Mental Hygiene v. Bank of the Southwest National Association, 163 Tex. 314, 354 S. W.2d 576 (1962); Calvert Fire Insurance Co. v. McClintic, 267 S.W.2d 568 (Tex.Civ. App.—Waco 1954, writ ref'd n. r. e.); Chapman v. Tyler Bank & Trust Co., 396 S.W.2d 143 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); National Auto & Casualty Insurance Co. v. Webb, 276 S.W.2d 403 (Tex.Civ.App.—Waco 1955, no writ); Wisdom v. Smith, 146 Tex. 420, 209 S.W. 2d 164 (1948).

■ In appellant's Points of Error Nos. 9, 10 and 11, it is contended that appellees failed to negative the appellant's pleaded policy exclusions that the losses or expenses sued for resulted from (1) sickness or accident due to alcohol or narcotic addiction; (2) rest cures for nervous or mental diseases or disorder; or (3) that such services were provided at the expense of any philanthropic, fraternal, eleemosynary or governmental institution or agency or otherwise provided without cost to the appellees. A review of the evidence discloses that the three hospitalizations were for (1) acute viral respiratory infection, (2) acute viral gastroenteritis and (3) acute urinary tract infection. Such evidence clearly indicates that in no way was any portion of the illness or condition for which Mrs. Rosson was hospitalized due to narcotic or alcoholic addiction or the result of rest cures or nervous or mental disorders, and by clear implication negatives such pleaded exclusions. As to the pleaded policy exclusion that no indemnities for losses should be payable by the insurer for any loss resulting from sickness in cases where hopitalization is provided at the expense of any philanthropic or fraternal or government institute or agency or is otherwise provided without cost to the person insured, the evidence clearly negatives such pleaded exclusion. Mr. Holbert Henry Rosson, husband of Mrs. Rosson, the named insured on the face of the policy, unequivocally testified that he paid all of the hospital and doctor bills ("something over seven hundred dollars") for the three periods of hospitalization in question. There is no indication in the evidence that such expenses were paid or to be paid by any philanthropic, fraternal or government agency without cost to the insured. Furthermore, such pleaded exclusion pertaining to payment of expenses of hospitalization by such types of institutions without expense to the policy holder is in the nature of an affirmative defense which must not only be pleaded but proved by appellant. Texas Reserve Life Insurance Company v. Texas Rehabilitation Center of Gonzales Warm Springs Foundation, Inc., 332 S.W.2d 403, 407 (Tex.Civ.App.—San Antonio 1960, no writ).

We hold that the evidence in this case together with the reasonable inferences therefrom are legally sufficient to negative the various exclusions, limitations and provisions pleaded by the appellant. In view of the status of the pleadings and from the evidence submitted, we overrule appellant's Points of Error Nos. 6, 7, 8, 9, 10 and 11.

■ In appellant's Points of Error Nos. 2 and 3, the contention is made that the court erred in awarding the statutory penalty of 12 per cent and attorney's fees

for the hospitalization of February 17 through February 21, 1969, because no demand was ever made upon appellant for this particular hospitalization period as required by Article 3.62 of the Texas Insurance Code. The evidence shows that Holbert Henry Rosson made oral demands by telephone for the payment for the three hospitalizations sued upon, including the hospitalization period of February 17 through February 21, 1969. Suit was filed on all three claims and in answering the suit, the appellant denied liability on all three claims. The appellant failed to pay or tender any amount for the payment of such claims. The suit was tried more than 30 days after such demand was made upon appellant. The pleading on which the appellee proceeded to trial was filed more than 30 days after any of the demands were made for payment for the hospitalization period in question. We point out that the appellant did not plead that no demand for payment for the period in question was made upon it as a prerequisite to the statutory penalty and attorneys fees. Appellant makes its contention of "no demand" for the first time in its appellate brief filed in this court. In the case of International Security Life Insurance Co. v. Ramage, 446 S.W.2d 944 (Tex.Civ.App. —Amarillo 1970, no writ), this court held that failure on the part of the insurer to plead "no demand" constituted a waiver of this objection and that such matter could not be raised on appeal. In this connection, the court stated:

"* * * Appellant contends for the first time on appeal that no demand for payment was ever made upon the insurer (appellant) as a prerequisite for attorney fees and penalty. Appellant by its failure to plead no demand, request issues thereon, and further, to raise the issue in its motion for new trial, has waived the objection and cannot raise the matter on appeal. Rules 90 and 374, Texas Rules of Civil Procedure. Cf. Pacific Fire Insurance Company v. Smith, 219 S.W.2d 710 (Tex.Civ.App.—N.W.H.)."

In view of the foregoing, we overrule appellant's Points of Error Nos. 2 and 3.

The judgment of the trial court is affirmed.