**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**Ben A. CASH, dba Sportsman Aero Service, Appellee.**

**No. 4992.**

Court of Civil Appeals of Texas, Waco.

April 1, 1971.

Rehearing Denied April 22, 1971.

Thompson, Knight, Simmons & Bullion, Dallas, for appellant.

J. L. Shook, Ben Henderson, Dallas, for appellee.

## OPINION

WILSON, Justice.

This action, as it comes to us, is for recovery by insured, Ben A. Cash, of proceeds of a policy of aircraft insurance covering an amphibious airplane which crashed in Lake Tawakoni while piloted by T. D. Brown. Coverages were "all risks physical damage", bodily injury and property damage liability.

The sole question before us concerns a "Pilot Endorsement":

"It is agreed that coverage provided by this policy with respect to any aircraft specifically and individually described therein shall not apply while such aircraft is in flight unless the pilot in command of the aircraft is a person named below, or a person meeting the qualifications set forth below:
Ben A. Cash

(4″ blank).

Nothing herein contained shall vary, alter or extend any provision or condition of the policy other than as above stated".

The name, "Ben A. Cash" is typed. All the rest of endorsement quoted is a printed form. When the loss to the airplane resulting from the crash occurred, the pilot in command was not Cash, but Brown.

The trial court rendered summary judgment in favor of Cash for the proceeds of the policy.

Although appellee urges the evidence shows the pilot Brown met and ex-

ceeded the qualifications as a pilot of insured Cash, this fact is not controlling or material. The endorsement does not read, as this argument implies, "or a person meeting the qualifications *of the person* set forth below". It refers merely to *qualifications* "set forth below", of which there are none whatever specified. Since there are none, we are not authorized to engraft any.

The difficulty is in deciding whether appellant met the requisites of Rule 94, Texas Rules of Civil Procedure, in pleading the defense of the pilot rider. The Rule prescribes that the insurer "shall specifically allege" that the loss was due to a risk or cause coming within a "particular exception" to general liability; otherwise it shall not be allowed to raise the issue.

The proceedings in this case are voluminous, and numerous documents were filed over the period of nearly a year. Not until the terminal proceedings for summary judgment, however, did appellant request leave to file a trial amendment. Leave being granted, it then pleaded it expressly denied Brown "was an insured pilot" under the policy, and "Cash was the only insured pilot". It did not plead the policy exception.

While we are reluctant to turn the case on so narrow a procedural point, it is obvious that appellant did not meet the minimum requirements to substantially comply with Rule 94 so as to raise the issue now relied on, under the most liberal rules of construction. The trial court noted the "absence of pleading". The fact that Brown was not an "insured pilot" is not an exception to general liability; neither is the fact that Cash was the only insured pilot. A pleading alleging these facts cannot be metamorphosed by us into one which "specifically alleges" a "particular exception": the provisions of "Pilot Endorsement". See T.I.M.E., Inc. v. Maryland Casualty Co., 157 Tex. 121, 300 S. W.2d 68, 73 (1957); Merryman v. Employers National Life Insurance Company (Tex.Civ.App., 1967, writ ref. n. r. e.), 416 S.W.2d 609; International Security Life Ins. Co. v. Howard (Tex.Civ.App., 1970, writ ref. n. r. e.) 456 S.W.2d 765; International Security Life Ins. Co. v. Kuhler (Tex.Civ.App., 1970) 459 S.W.2d 480; International Security Life Ins. Co. v. Powers (Tex.Civ.App., 1970, writ ref. n. r. e.) 458 S.W.2d 936.

Affirmed.