**INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

v.

**John T. RAMAGE et ux., Appellees.**

**No. 7942.**

Court of Civil Appeals of Texas.

Amarillo.

July 21, 1969.

Rehearing Denied Sept. 8, 1969.

Bryan & Amidei, Fort Worth, for appellant.

Kirby & Ratliff, and Ted Sansom, Littlefield, for appellees.

JOY, Justice.

Suit on hospitalization insurance policy and from judgment for plaintiffs, the defendant company has perfected this appeal.

Plaintiffs purchased a medical and hospital insurance policy dated January 30, 1968 from the defendant company. On March 2, 1968, Mrs. Ramage was hospitalized until March 5, 1968. She was hospitalized again on March 15, 1968 for a period of about three days. Claim on the first confinement was made on the defendant on March 6, 1968 and the second claim for the subsequent confinement was made on March 25, 1968. On April 25, 1968, plaintiffs filed suit on both claims for $431.75 plus attorney fees and 12% penalty. Suit was filed forty-eight days after the first claim and thirty-one days after the second claim. Defendant filed its First Amended Original Answer on August 7, 1968, containing a Plea in Abatement, alleging the suit was prematurely brought in that sixty days had not elapsed from date of filing the claim or relating proof of loss. Defendant's answer also contended that the policy sued upon was void and denied liability thereon.

Appellant's (defendant below) first two points of error relate to the premature filing of the suit as affecting both the claimed due amount and the attorney fees and penalty. The pertinent parts of the Insurance Code, V.A.T.S. are Articles 3.62 and 3.70–3(A) (11). Article 3.62 reads:

"Delay in Payment of Losses on Policies; Penalty

In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, or health and accident, or life, health and accident insurance company, liable therefor shall fail to pay the same within thirty (30) days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of loss, twelve per cent (12%) damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. Such attorney fees shall be taxed as a part of the costs in the case. The court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy."

Article 3.70–3(A) (11) reads:

" * * * Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

Defendant's Original Answer is not in the record of this appeal and no reasons therefor are shown. Appellant's First Amended Original Answer, filed on August 7, 1968, some 3½ months after the

original suit was filed, contained (1) a Plea in Abatement on the grounds the suit was premature, (2) a motion to dismiss for defect of parties, and (3) its defense of false representations made by appellees in their application for the policy. Appellant contends for the first time on appeal that no demand for payment was ever made upon the insurer (appellant) as a prerequisite for attorney fees and penalty. Appellant by its failure to plead no demand, request issues thereon, and further, to raise the issue in its motion for new trial, has waived the objection and cannot raise the matter on appeal. Rules 90 and 374, Texas Rules of Civil Procedure. Cf. Pacific Fire Insurance Company v. Smith, 219 S.W.2d 710 (Tex.Civ.App.–N.W.H.). Appellant elected to deny liability under the policy by contending false representations made by appellees in their application for the policy, and the jury answered the issue against appellant. The appellant, having raised no objections or exceptions to appellees' failure to make demand for payment as provided in Article 3.62, it will be presumed that appellant treated the filing of proof of loss as a demand for payment. American National Insurance Company v. Hammond 91 S.W.2d 432 (Tex.Civ.App.–Dis.). Appellant's contention that since the suit was prematurely filed as provided in Article 3.-70–3(A) (11) that attorney fees and penalty should not be granted, is not well taken as limited to this particular case. Had the insurer tendered the amount of the claim plus 12% of the loss after the thirty days from demand and within the sixty-day period, no attorney fees would have been due as Article 3.62 contemplates a suit or action upon the claim before attorney fees are chargeable to the insurer. No limitation is attached, however, to the 12% penalty. Clearly, by Article 3.70–3(A) (11), no suit is to be filed prior to the expiration of sixty days from the filing of proof of loss, however, the insurer, having failed to tender *any* amount in settlement of the claim within the sixty-day period, and contrary thereto, denied liability by contending the policy was void as demonstrated in the

pleading in answer to the suit, it is necessary that we determine the effect of the premature suit upon the insureds' claim for attorney fees. Article 3.70–3(A) (11) provides that "no action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days", to relieve the insurer of the penalty requires that the insurer settle the claim during that period of time. Here the insurer, according to the record before us, took no action at all during that period. The insurer filed is Plea in Abatement and denied liability some 154 days after the first proof of loss and 135 days after the second proof of loss. Although the suit was instituted prior to the sixty days after filing proofs of loss, we do not think the insurer was unduly prejudiced thereby in view of his failure to take action within a reasonable time and during the sixty-day period. At the time of trial on September 16, 1968, some 175 days had elapsed from the filing of the second proof of loss. The time limitation for filing suit had long elapsed therefore, the reason for abating the action no longer existed. 1 Tex.Jur.2d Section 9, pp. 28 and cases cited therein. Appellee takes the understandable position that the two articles are in conflict. We do not agree that they are in conflict; however, as drawn and considered together and under certain circumstances a hiatus is presented insofar as attorney fees being chargeable to the insurer are concerned. The problem presented is one for the Legislature to correct rather than for the courts. Appellant's points 1 and 2 are overruled.

■ Appellant's points 3 and 4 in substance allege that the appellees failed to establish that the medical and hospital charges were usual and customary expenses as required by the terms of the policy. The portion of the policy referred to by appellant reads in part:

"Part 3. Medical and Hospital Benefits

* * * The company will pay indemnities for the usual and customary ex-

penses actually incurred only while a person insured hereunder is confined as a bed patient to a Legally Constituted Hospital while this policy is in force * * *"

Appellant does not question the confinement of appellee nor make any contention that the place of confinement was not a Legally Constituted Hospital. Dr. I. T. Shotwell testified by deposition as follows:

"Question: Were all the charges and expenses shown on such statements the regular, usual, and customary charges and expenses for services and materials listed at or about the time when, and the place where, such furnished to Mr. Ramage?

Answer: Yes. Now, may I qualify or say something here as a rule of thumb, we more or less take the charges that Blue Cross allows. Now I won't say we follow that 100%, but those are generally accepted and so called reasonable and fair charges in an area, and so long as you stay within reasonable bounds of what the Blue Cross says in the little book, well, you can consider it to be within reasonable bounds."

On cross-examination Dr. Shotwell testified he did not know what the practice was of other hospitals in Lamb County and adjacent counties. Carlene King, Administrator of the hospital, testified essentially the same regarding the hospital charges on direct examination and on cross-examination that she did not know what other hospitals charged for the same services and materials. Appellant cites several cases none of which we find are directly in point here. As we read the policy provision we think the evidence was sufficient to meet the burden placed upon the insured. The provision of the policy does not specifically state that the charges should be those usual and customary in the county or adjacent counties or any particular locale or hospital. The usual and customary charges for like services and material furnished gener-ally by the qualified hospital of confinement we think is sufficient when the witnesses are properly qualified to testify.

We find no reversible error and the judgment of the trial court is affirmed.