INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,

v.

Elmer L. BRYANT, Appellee.

No. 8005.

Court of Civil Appeals of Texas,
Amarillo.

April 6, 1970.

Rehearing Denied May 11, 1970.

Bryan & Amidei, and Maurice Amidei, Fort Worth, for appellant.

Kirby, Ratliff & Sansom, and Ted L. Sansom, Littlefield, for appellee.

JOY, Justice.

This is a suit on a hospitalization insurance policy. From judgment for plaintiff, defendant insurance company has taken this appeal. Affirmed.

The parties will be referred to herein as they appeared in the trial court. Plaintiff made application for hospitalization insurance with defendant insurer and listed on the application a pre-existing condition of emphysema. Plaintiff also paid an extra month's premium in consideration of a policy waiver of all waiting periods for benefits due to sickness which began after the effective date of the policy. The policy's effective date was January 30, 1968. On the 18th day of May, 1968, plaintiff was admitted to the hospital in Levelland, Texas, for an acute respiratory infection. Plaintiff was released on the 30th day of May, 1968 and readmitted on the next day May 31, 1968 to a hospital in Lubbock, Texas, for the same condition, being discharged therefrom on June 4, 1968. The *hospital records and some testimony* reflects that plaintiff was hospitalized for emphysema. However, two of the attending medical doctors testified that plaintiff had acute bronchitis or an acute infection which had developed only a short time before plaintiff's admission to the hospital. The fact that a party has emphysema and may be more susceptible to pulmonary infection or bronchitis than one who is free of emphysema, we do not think, brings the party under the exclusion contained in the policy of "sickness or accidental bodily injury originating prior to the effective date of the policy". Plaintiff having declared in his application for the policy that he had a condition known as emphysema placed the defendant on notice and defendant could have provided for additional exclusions or refused the issuance of the policy. This the defendant did not do. In American Casualty & Life Co. v. Gueringer, 205 S.W.2d 423, 426 (Tex.Civ.App., n. w. h.), Justice Norvell said:

"We therefore conclude that the word 'beginning' as used in the phrase, 'which (sickness) had its beginning,' has reference to an illness or medically recognized disease and not merely to a condition which might in the future give rise to a disease."

Dr. King, one of the treating doctors, testified in part as follows:

"Q. All right. Now, as Mr. Bryant does not have any acute, meaning sudden onset, respiratory infection of that sort, you are not hospitalizing him, then, for chronic bronchitis, are you? He has no need for hospitalization has he?

A. No, he has not.

Q. All right. So, then, when he has an illness of this sort, he has an illness that is acute?

A. Yes, sir.

\* \* \* \* \* \*

Q. Now, it might have been contributed to or caused, or had some connection with this patient's emphysema condition that he had, right?

A. Yes, the emphysema makes him—

Q. Makes him more susceptible to it, isn't that about what it is?

A. Yes, and it makes a trivial—

Q. Makes it more severe?

A. Yes.

Q. But what you are treating him for is this present infection, or acute condition, isn't it?

A. Yes, sir."

Dr. Stafford, another treating doctor, testified in substance that the plaintiff was being treated at that time for an infectious condition that had its beginning some two or three days prior to his hospitalization. In reviewing all the testimony we find that there was sufficient evidence for the jury to find that the illness for which the plaintiff was hospitalized began after the effective date of the policy, and further that the hospitalization was not wholly or in part caused by sickness originating prior to the effective date of the insurance policy.

Defendant next complains of the plaintiff's failure to plead and prove a cause of action. We have reviewed the record and find no merit in this contention.

Next defendant sets out that the plaintiff failed to plead and prove that the hospital charges and the doctors' charges were usual and customary in the counties and areas adjacent thereto in which the charges were made. The doctors and administrators of both hospitals testified that the charges made were usual and customary for the services performed by both doctors and the hospitals. That is all that the policy required, there being no reference made to surrounding or adjacent counties, or the county in which the charges were made. See International Security Life Ins. Co. v. Ramage, 446 S.W.2d 944 (Tex.Civ. App. ref'd n. r. e.).

Defendant's next group of points alleges that plaintiff failed to make a demand and further complains of the action of the trial court in refusing to submit an issue thereon to the jury. We think that it is settled that when an insurer denies liability on a policy subsequent to the filing of a proof of loss by the insured, then no demand is necessary and it will be presumed that the insurer treated the filing of the proof of loss as a demand for payment as required by V.A.T.C.S. Insurance Code, Art. 3.62. International Security Life Ins. Co. v. Ramage, supra, citing American National Ins. Co. v. Hammond, 91 S.W.2d 432 (Tex.Civ.App., dism'd).

Defendant next contends that the attorney's fees granted by the trial court are in excess of an agreement entered into between plaintiff and his attorneys. The defendant not being a party to such agreement has no interest or rights therein, assuming there was an agreement. We have reviewed the record and do not find that such an agreement existed. See First Bankers Insurance v. Howell, 446 S.W.2d 711 (Tex.Civ.App., n. w. h.).

Finding no reversible error, the judgment of the trial court is affirmed.