**INTERNATIONAL SECURITY LIFE INSURANCE COMPANY, Appellant,**

**v.**

**Byrl R. ARMEL, Appellee.**

**No. 17153.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 20, 1970.

Rehearing Denied Jan. 8, 1971.

A. J. Bryan, and Frank H. Pope, Jr., Fort Worth, for appellant.

Sullivant & Harris, and Belvin R. Harris, Gainesville, for appellee.

## OPINION

LANGDON, Justice.

This appeal is from a judgment for medical expenses under a policy of hospitalization insurance. Trial was to the court without a jury. Findings of fact and conclusions of law were made and filed by the court. Additional findings and conclusions requested by the Insurance Company, appellant, were refused.

Appellant's appeal is based upon sixteen points of error.

We reverse and remand.

The appellant contends the court erred in granting judgment against it because of appellee's failure to plead or prove (1) that neither the Wilson N. Jones Hospital nor the Gainesville Memorial Hospital were legally constituted hospitals at the time of the confinements in question (points one and two); (2) that the charges for services contained in the statements of Harry M. Shytles, T. C. Lewis, Jr., Howard S. Davenport and the two hospitals above named were necessary, reasonable or customary for the services rendered (points 3, 4, 5, 6 and 7); (3) that Harry M. Shytles or T. C. Lewis were qualified doctors of medicine or of osteopathy on the dates on which they treated the appellee (points 8 and 9); (4) that there was no competent evidence as to the nature of or the date of the injury sustained by appellee (points 10 and 11). Other points relate to the question of attorney fees which were awarded and the failure of the appellee to negative various policy exclusions which were pleaded by the appellant.

Many of the policy exceptions, provisions, exclusions, and reductions were specifically pleaded as defenses by the appellant. Sherman v. Provident American Insurance Company, 421 S.W.2d 652 (Tex. Sup., 1967).

One such pleaded defense was the provision of Part III of the insurance policy in question which provides that indemnities will only be paid for usual and customary expenses actually and necessarily incurred while the insured is confined as a bed patient to a legally constituted hospital. The policy defines a legally constituted hospital.

No exceptions or objections were made to the pleadings of the defendant (appellant) in the trial court. Both sides proceeded to trial under the premise that the pleadings of the insurer had raised the exceptions and exclusions of the policy. The appellee failed to meet the burden of proof required of him with regard to whether the hospitals were legally constituted hospitals, whether the doctors were qualified doctors of medicine or of osteopathy and whether or not the charges made by the doctors and the hospitals were necessary, reasonable or

customary and on other issues raised by appellant's pleading.

The burden of proof was on the appellee (plaintiff) to negative the exclusions and limitations contained in the policy and pleaded as a defense by the insurer. He failed to meet this burden under the holding of the Sherman case, supra. Reference is made to the opinion in the Sherman case and the authorities there cited.

Appellee failed to plead and prove facts showing that any loss sustained by him was within the terms of the policy so as to entitle him to indemnities thereunder. Reserve Life Insurance Company v. Crager, 421 S.W.2d 697 (Beaumont, Tex.Civ.App., 1967, no writ hist.).

No useful purpose will be served by further discussion of the points involved on this appeal. The cause is reversed and remanded.