**INTERNATIONAL SECURITY LIFE IN-SURANCE COMPANY, Appellant,**

v.

**Selma REDWINE, Appellee.**

**No. 8205.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 15, 1971.

Rehearing Denied Dec. 13, 1971.

Law Offices of A. J. Bryan, Frank H. Pope, Jr., Fort Worth, for appellant.

Huff & Bowers, Mike Millsap, Lubbock, for appellee.

REYNOLDS, Justice.

This appeal is from a judgment entered in favor of Selma Redwine, appellee, for indemnities claimed under a medical and hospital insurance policy issued by International Security Life Insurance Company, appellant. Affirmed.

In the trial court appellant denied liability on the ground that the sickness and disability claims of appellee were due to a pre-existing illness and therefore not within the coverage of the policy. The trial court, without intervention of a jury, found adverse to appellant's contention and entered judgment in favor of appellee for the amount of hospital and medical expenses, plus twelve per cent (12%) penalty thereon and reasonable attorney fees as provided by Art. 3.62 of the Insurance Code of the State of Texas, V.A.T.S.

Appellant's sole assignment of error is that there is no evidence of a demand as required by Art. 3.62 of the Texas Insurance Code to justify imposition of the twelve per cent (12%) penalty and reasonable attorney fees.

■ This court agrees that Art. 3.62 of the Texas Insurance Code requires a demand be made in order to invoke that portion of the statute dealing with the twelve per cent (12%) penalty and attorney fees; however, as we have held in the cases of

International Security Life Insurance Co. v. Ramage, 446 S.W.2d 944 (Tex.Civ.App.— Amarillo 1969, writ ref'd n. r. e.) and International Security Life Insurance Co. v. Rosson, 466 S.W.2d 52 (Tex.Civ.App.— Amarillo 1971, writ ref'd n. r. e.), and as we now hold, the "no demand" issue cannot be raised on appeal for the first time. Appellant by its failure to plead "no demand" has thereby waived the objection. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.