INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Petitioner,

v.

Selma REDWINE, Respondent.

No. B–3172.

Supreme Court of Texas.

June 7, 1972.

A. J. Bryan, Frank H. Pope, Jr., Fort Worth, for petitioner.

Huff & Bowers, Mike Millsap, Lubbock, for respondent.

DENTON, Justice.

This is a suit for benefits under a medical and hospitalization insurance policy. The trial court, without a jury, rendered judgment for the insured for medical and hospital expenses, plus twelve percent statutory penalty and attorneys' fees. The insurer's single point of error in the court of civil appeals asserted the trial court erred in entering judgment for the penalty and attorneys' fees because there was no evidence of demand as required by Art. 3.-62 of the Insurance Code, V.A.T.S. The court of civil appeals affirmed, holding that the insurance company "by its failure to plead 'no demand' has thereby waived the objection." Tex.Civ.App., 473 S.W.2d 674. We disagree, and accordingly we reverse as to the statutory penalty and attorneys' fees; however the remainder of the judgments of the trial court and court of civil appeals are affirmed.

The right to recover attorneys' fees and penalty is given by Article 3.62 of the Texas Insurance Code; which reads in part as follows:

"In all cases where a loss occurs and the . . . life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. . . ."

Article 3.62 is penal in nature and must be strictly construed. McFarland v. Franklin Life Insurance Co., 416 S.W.2d 378 (Tex.1967). Making demand for payment of the policy proceeds has been held to be a prerequisite to the recovery of penalty and attorneys' fees under this statute. Metropolitan Life Ins. Co. v. Wann, 130 Tex. 400, 109 S.W.2d 470 (1937); Great American Reserve Insurance Co. v. Britton, 406 S.W.2d 901 (Tex.1966); Key Life Ins. Co. of South Carolina v. Taylor, 456 S.W.2d 707 (Tex.Civ.App., wr. ref. n. r. e.).

The making of a demand is an essential element of the insured's cause of action for the recovery of statutory penalty, and attorneys' fees. Demand must be made thirty days before the filing of the petition upon which the cause is tried, and such demand must be alleged. Demand may be made after the institution of the suit, but such demand must be alleged in an amended petition. The filing of a suit alone does not constitute a demand within the statute. Metropolitan Life Ins. Co. v. Wann (supra); Mutual Life Ins. Co. v. Ford, 6 1Tex.Civ.App. 412, 130 S.W. 769, wr. ref. 103 Tex. 522, 131 S.W. 406.

The record fails to show that demand was made. Thus, the insured failed to establish a compliance with the statutory prerequisite to a recovery of a penalty and attorneys' fees under Article 3.62, Insurance Code.

The court of civil appeals cited and relied upon International Security Life Ins. Co. v. Ramage, 446 S.W.2d 944 (Tex.Civ. App., wr. ref. n. r. e.), and International Security Life Ins. Co. v. Rosson, 466 S.W.2d 52 (Tex.Civ.App., wr. ref. n. r. e.). These cases are distinguishable; however, the opinions in these cases are disapproved in so far as they conflict with this opinion.

The judgments of the courts below are reformed to deny recovery of statutory penalty and attorneys' fees. As reformed, the judgments are affirmed.