Della A. COMPTON, Administratrix of the Estate of Frank B. Compton, Deceased, Appellant,

v.

The TRAVELERS INSURANCE COMPANY, Appellee.

No. 6242.

Court of Civil Appeals of Texas, El Paso.

July 5, 1972.

Pearson & Speer, Thomas H. Nation, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, Wyndham K. White, Joe Lea, Jr., El Paso, for appellee.

## OPINION

PRESLAR, Justice.

This is an appeal from a suit by plaintiff-appellant, Della A. Compton, Administratrix of the Estate of Frank B. Compton, Deceased, against defendant-appellee, The Travelers Insurance Company, to recover 12% damages and reasonable attorney's fees in accordance with Article 3.62 of the Insurance Code. The trial Court granted summary judgment in favor of appellee, holding, as a matter of law, that appellant did not make the required demand for payment from appellee within the contemplation of Article 3.62, V.A.T.S. We affirm.

An examination of the record reflects that appellant, after qualifying as administratrix of the Estate of Frank B. Compton, sent, through her attorney, a proof of death form, certified copy of the death certificate, and a letter of administration which were requested by appellee. In a letter, dated July 6, 1970, appellant's attorneys stated:

"Should you need any additional information, we would greatly appreciate your contacting this office."

In a reply letter, dated July 13, 1970, sent to appellant's attorneys, appellee stated:

"This letter will acknowledge receipt of the death certificate our Travelers Form Proof of Death-Statement of Claim and copies of administration in connection with the above-captioned matter.

Please be advised that as of this time, our investigation is still continuing. Upon completion of our investigation we will be in touch with you further."

On September 4, 1970, appellant's attorneys sent a letter to appellee, stating in part:

"We are in receipt of your letter of July 13, 1970, acknowledging receipt of the death certificate, the Travelers form proof of death, statement of claim, and copies of Mrs. Compton's letters of administration. In that letter of July 13, 1970, the Travelers Insurance Company indicated that it was investigating the claim and would be in touch with us further. We have heard nothing from the Travelers Insurance Company since that time.

Since more than thirty days have elapsed since our demand for payment under the above referenced claim and

policy, we are making demand, as attorneys for Mrs. Della Compton, Administratrix of the Estate of Frank Compton, deceased, on behalf of that estate, in addition to the payment of the $20,000.00 face amount of the policy for the payment of an additional twelve per cent (12%) damages pursuant to Article 3.62 of the Texas Insurance Code . . . "

In a letter, dated September 30, 1970, appellee sent a draft for $20,000.00, the entire amount of the proceeds due under the face amount of the policy.

Appellant contends, by four points of error, that the claim forms submitted constituted a "demand," that appellee treated appellant's claim as a demand, and that there is an issue of fact as to whether or not appellant made a demand. Article 3.62 provides in part that:

"  .  .  .  .  and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

We think it clear that the language contained in appellant's letter of July 6, 1970, did not constitute a "demand" within the purview of Article 3.62. While it is true that no particular form of demand is necessary to invoke the provisions of Article 3.62, Continental American Life Insurance Company v. McCain, Tex.Civ.App., 412 S.W.2d 666, reversed on other grounds, Tex., 416 S.W.2d 796, it is equally clear that "Article 3.62 is penal in nature and must be strictly construed." McFarland v. Franklin Life Insurance Company, 416 S.W.2d 378 (Tex.1967) and cases cited therein. Further, in the present case, there was no denial of liability by appellee, in which case filing of proofs of loss could be construed

as a demand. International Security Life Insurance Company v. Bryant, 453 S.W.2d 869 (CCA—Amarillo 1970, ref. n.r.e.). Appellant cites National Life & Accident Ins. Co. v. Dove, 174 S.W.2d 245 (Tex.1943), as authority for the proposition that filing of a claim constitutes a demand. In Dove (supra), after filing of the claim, the insurance company replied, stating that "the Company has no liability for payment of the claims." No such denial was made in the case at bar.

Key Life Insurance Company of South Carolina v. Taylor, 456 S.W.2d 707 (CCA—Beaumont 1970, ref. n. r. e.), contains a most comprehensive discussion and citation of authorities on the questions presented here. There is no need to repeat those authorities here, but we do take note of a portion of a quotation as to the legislative intent or purpose:

"  .  .  .  .  We think it was the intention of the legislature to require a demand to be made after the policy became due, and before a suit, in order to satisfy the valid demand, without putting the policy holder to the necessity of suing therefor. The demand was the significant act, intended to put the company upon election whether it would pay the sum demanded, or require the policy holder to sue therefor, and subject itself to those penalties if the plaintiff recovered judgment for such sum."

We have no difficulty with this case, if we keep in mind that it is not a suit on the policy, rather it is on a cause of action created by statute. Naturally, one seeking to recover must plead and prove all elements of the statutory cause. In this case, plaintiff's cause of action is lacking of the element of demand made more than thirty days prior to payment.

All points of error have been considered, and all are overruled. The judgment of the trial Court is affirmed.