The **TRAVELERS INSURANCE COMPANY**, Appellant,

v.

**Ronnie BROWN**, Appellee.

No. 07–87–0124–CV.

Court of Appeals of Texas, Amarillo.

May 25, 1988.

Rehearing Denied June 20, 1988.

Cecil Kuhne, Robert L. Duncan, Crenshaw, Dupree & Milam, Amarillo, for appellant.

Marilyn Phelan, Phelan, Moreland & Phelan, Levelland, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

This is a suit to recover on an insurance contract. Appellant The Travelers Insurance Company, after a non-jury trial, was ordered to reimburse appellee Ronnie Brown for medical expenses, attorney's fees and costs, and to pay interest and a penalty. Travelers contends, by seven points of error, that there is no or insufficient evidence to support the award for medical expenses and attorney's fees, and that assessment of a penalty was erroneous. We affirm.

Brown and his wife are beneficiaries of a medical insurance policy by which Travelers contracted to pay "reasonable charges" for certain medical services incurred by them. The critical issue in this case is whether they proved that their medical expenses were reasonable.

Brown's wife, Nancy, had a cancerous mole removed from her back. After it was removed, the surgical area was repaired with a skin graft. Travelers paid all it was required to pay for that medical problem. Several months later, however, Nancy began to suffer excruciating pain around the skin graft. She consulted doctors in various cities but they could not help her. Finally, a doctor recommended, and she consulted, Dr. Julia Terzis of Norfolk, Virginia, a plastic surgeon specializing in reconstructive microsurgery. Dr. Terzis concluded that Nancy's pain was caused by nerves severed during the first surgery. She then performed corrective surgery that alleviated the problem.

For her services, Dr. Terzis charged the Browns $10,016.00. When her charge was submitted to Travelers, the company concluded it was excessive and paid only $3000. After Travelers rejected Brown's demand for full reimbursement, he sued, successfully, for the unpaid balance of $7016.00 on Dr. Terzis' bill, plus attorney's fees, penalty, interest, and costs.

By its first three points, Travelers questions the legal and factual sufficiency of the evidence to support the award of $7016, the balance due on Dr. Terzis' bill. In resolving those challenges we will first examine the entire record for any probative evidence to support the court's finding, ignoring all contrary evidence. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). If we find probative evidence, we will then examine all of the evidence in the record to determine whether the finding is manifestly unjust. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Travelers' attack focuses on the definition of "reasonable charge" as contained in the policy. In the "Plan Highlights" of the policy, Travelers explains that "Payments will be based on the Reasonable Charges for the services and supplies covered by the Plan." The policy then defines reasonable charge as follows:

Reasonable Charge

An amount measured and determined by comparing the actual charge with the charges customarily made for similar services and supplies to individuals of similar medical condition in the locality concerned.

To prove that Dr. Terzis' charge was reasonable, Brown introduced the following testimony, by her:

Q. Is this specific kind of surgery generally performed by all plastic surgeons?

A. No.

Q. If not, what percentage of plastic surgeons, in your opinion, have experience with this specific type of surgery?

A. Very few.

Q. Was all the care and treatment upon which your charges are based necessary treatment, in your opinion?

A. Yes.

Q. Were your charges reasonable charges at the time and place where such was given, in your opinion?

A. Yes.

To counter that testimony, Travelers presented evidence from another doctor, and a company employee, who said the charge was excessive.

Brown did not carry his burden of proving a reasonable charge, Travelers says, because his evidence on the issue did not include the comparison contemplated by the definition. Specifically, Travelers argues, Brown must present specific evidence that the expert witness actually compared the submitted claim with "charges customarily made for similar services to individuals of similar medical condition in the locality concerned."

■ The general rule is well established. The insured must prove, among other things, that the charge for which he or she seeks reimbursement is reasonable. *Sherman v. Provident American Insurance Company*, 421 S.W.2d 652, 654 (Tex.1967); *International Security Life Insurance Co. v. Armel*, 461 S.W.2d 639, 640 (Tex.Civ. App.—Fort Worth 1970, no writ). In Texas jurisprudence, the accepted method of proving that fact is by an expert witness who utters, in ultimate conclusory fashion, his or her opinion that the charge is reasonable. *International Security Life Insurance Co. v. Ramage*, 446 S.W.2d 944, 947 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.); *American Bankers Insurance Company v. Fish*, 412 S.W.2d 723, 727 (Tex.Civ.App.—Amarillo 1970, no writ); *International Security Life Insurance Co. v. Bryant*, 453 S.W.2d 869, 871 (Tex.Civ. App.—Amarillo 1970, writ ref'd n.r.e.). For example, in *American Bankers Insurance Company v. Fish, supra*, the policy obligated the insurance company to pay "the usual, customary and regular" hospital charges. A doctor testified that the charges were "reasonable." The court held that testimony to be sufficient evidence of the usual, customary and regular nature of the charges. 412 S.W.2d at 727.

In reviewing the pertinent authorities, we find no requirement that the expert go beyond the conclusion of reasonableness and explain the mental process by which the conclusion was reached. That would certainly be an appropriate area for cross-examination, but we are not willing to hold that the expert must, in his or her testimony, track the policy definition before the opinion can be received as credible evidence. The conclusion is sufficient; its basis can be tested by cross-examination.

■ We hold, therefore, that the evidence quoted above is sufficient to prove that the charge was reasonable as defined in the policy, and that the contrary evidence is not so overwhelming that the result is unjust. Points of error one, two, and three are overruled.

By points four and five, Travelers contends the trial court's award of penalty and attorney's fees is erroneous because it does not owe Brown anything under the policy. The points have merit only if we sustain Travelers' first three points. Because we do not, points of error four and five are also overruled.

By its last two points, Travelers questions the legal and factual sufficiency of the evidence to support the award of attorney's fees. Travelers says the testimony presented by Brown came only from Brown's counsel and that the amount awarded may ultimately exceed the damages awarded. In resolving the contentions we will apply the same standards of appellate review that we outlined above when reviewing the evidence that supports the medical expense award. *Garza v. Alviar, supra; In re King's Estate, supra.*

Brown's attorney testified that he had approximately 20 hours of work in the case prior to trial and that in his opinion a reasonable fee would be $2500 for work performed in the trial court, $2500 if the case was appealed to the Court of Appeals, $1500 if application for writ of error is filed and $2500 if the writ is granted; for a total of $9000. The trial court's award tracked counsel's testimony.

■ Reasonableness of attorney's fees is a question of fact and the award must be supported by credible evidence. *Connecti-*

cut *General Life Ins. Co. v. Betrand,* 65 S.W.2d 279, 281 (Tex.Comm'n App.1933, holding approved). Generally, the award must bear some reasonable relationship to the amount in controversy. *Stanush v. Aetna Life Ins. Co.,* 538 S.W.2d 648, 651 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). However, the amount rests in the sound discretion of the trial court and its finding will not be disturbed, absent an abuse of discretion. *Magids v. Dorman,* 430 S.W.2d 910, 912 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n.r.e.).

As the foregoing cases illustrate, opinion testimony by an attorney is generally sufficient support for the award. Certainly here the testimony of Brown's counsel will suffice. He was qualified to express an opinion and the trial court was entitled to rely on it. We agree that the total attorney's fee may exceed the total of the other sums awarded, but the sum awarded for each step of the case is reasonable and is supported by the evidence. Under those circumstances, we are unwilling to conclude that the trial court abused its discretion. Points of error six and seven are overruled.

The judgment is affirmed.