SOUTHWESTERN LIFE INSURANCE
COMPANY, Appellant,

v.

Doris L. GREEN, Appellee.

No. 08–88–00284–CV.

Court of Appeals of Texas,
El Paso.

March 29, 1989.

Rehearing Denied April 26, 1989.

Pat Long, Michael McKinney, Stubbe-man, McRae, Sealy, Laughlin & Browder, Inc., Midland, for appellant.

C.H. Hal Brockett, Jr., David W. Linde-mood, Brockett, Cunningham & Bates, Mid-land, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

In a suit by the widow for recovery of the proceeds due under a life insurance policy issued on the life of her husband, the jury returned a verdict in favor of the widow beneficiary. We affirm.

James Kenneth Green had two existing life insurance policies with the Appellant when he was convinced to exchange those policies for one universal life policy in the amount of $50,000.00 which had an issue date of March 19, 1983. Appellee, Doris L. Green, was the wife and beneficiary under the new policy. The application for the new policy was signed on March 18, 1983 by James Kenneth Green who was then required to submit to a paramedical exami-nation. Both the application and the para-medical examination forms contained back-ground and health questions.

In regard to the new $50,000.00 policy certain disclosures were made by the de-ceased on the exchange policy's supplemen-tal application form. He stated that he was a current pack-a-day smoker and also that his gall bladder had been removed. On this form he also stated the name of the surgeon. Question number 24 was:

24. Who is the doctor who can give us the most complete up-to-date infor-mation concerning your present health?

In response, James Kenneth Green (the deceased) had answered this question by giving Dr. Cavenaugh's name and address. The questionnaire then asked the date of his last visit to the doctor which was an-swered. A question was then asked con-cerning the reason for the last visit, and this question was answered "flu shot." This application was taken by Appellant's insurance agent.

A paramedical examination was then ordered which also required the paramedic to question and record the answers of the deceased to certain health questions. The deceased informed the examiner in answer to questions asked that he had been treated for hemorrhoids, gallbladder and had had a cholecystomy. The year of the ailments and the name of the treating doctors were given. A urinalysis was done and was normal.

In spite of the above declarations, the Appellant issued the policy without requesting information from any of the mentioned doctors. It was only after the loss of life, and the claim was presented, that Appellant decided to check past medical information that was given by the policyholder.

Both the application and paramedical health forms were attached to the new policy dated March 19, 1983. James Kenneth Green, who was age fifty, was admitted to a hospital on June 19, 1983, and was discharged a month later with a final diagnosis of (1) chronic alcoholism (2) alcoholic hepatitis and early cirrhosis (3) spastic bladder (4) mild cerebral atrophy and (5) depression with repressed anger. James Kenneth Green died November 1, 1984, the death certificate only indicated that the immediate cause of death was due to liver failure.

Appellee thereafter filed the necessary proofs of loss with Appellant. Since the death of Appellee's husband occurred within two years of issue of the new policy the Appellant exercised its right to investigate the circumstances of the insured's death, including the statements made in the new application and paramedical forms. However, the Appellant did expedite the payment of $10,877.04 which represented the value of the two older policies that had been exchanged for the new policy leaving an amount of $43,089.10 subject to possible dispute.

Appellant obtained medical records concerning the treatment of the insured at the various hospitals as well as those records of his personal physician, Dr. Cavenaugh. The underwriting department, after review of all information, issued its written denial of Appellee's claim on the basis of the failure of the insured to reveal the treatment he had received by Dr. Cavenaugh before the March 19, 1983 policy was issued. The Appellant, in the written denial, stated that if the information had been revealed, the policy would not have been issued. This lawsuit resulted.

The jury found that (1) James Kenneth Green did misrepresent the state of his health in the application but (2) such misrepresentation was not made with intent to deceive the insurance company. Based on these answers, the trial court entered judgment for the Appellee.

Point of Error No. One asserts that the trial court erred in failing to grant a mistrial because the jury saw an unadmitted exhibit and. also that the trial court then erred in admitting an altered copy of the same exhibit.

■ A letter written by the Appellee to the Appellant was marked as Plaintiff Exhibit No. 6–A, and the widow then testified substantially as to the contents of this exhibit. The letter was dated March 5, 1985, and was in response to the refusal of Appellant to pay the proceeds under the $50,-000.00 policy. The letter called Appellant's attention to the fact that two other insurance companies that had the identical medical information available as Appellant had honored Appellee's claim. The letter also stated that the investigator for Appellant was also the investigator for one of the other life insurance companies that had honored her claim. Plaintiff's Exhibit No. 6–A was mistakenly handed to one or more jurors without being first admitted by the trial court into evidence, but when discovered it was retrieved. When Plaintiff's Exhibit No. 6–A was offered, the trial court deleted the reference to what the other insurance companies had done and the deleted exhibit was then admitted, over objection, as Plaintiff's Exhibit No. 6. Appellant objected to the admission of the exhibit on the basis that there was no proof that the letter had been received by Appellant. Appellant also moved for a mistrial because of the inadvertent displaying of

Plaintiff's Exhibit No. 6–A to some members of the jury. However, Appellant made no request that the jurors be instructed to disregard any reference to the contents of Plaintiff's Exhibit No. 6–A. Appellee contended that Plaintiff's Exhibit No. 6 was material to their case in order to show proof of the failure of Appellant to pay the claim within thirty days after demand had been made which then would entitle Appellee to twelve percent damages and reasonable attorney's fees. Tex.Ins. Code Ann. art. 3.62 (Vernon 1981).

We find that Appellant has waived any error claimed by the showing of Plaintiff's Exhibit No. 6–A to some of the jurors before the exhibit was admitted (after deletion) by the trial court. Before the displaying of the letter and the admission of the edited letter, the widow had been allowed to testify as to the substantial contents of the letter without any objection by Appellant. In referring to Exhibit No. 6 (which later officially became Exhibit No. 6–A), the widow was shown the undeleted exhibit and asked to identify it. The testimony was:

A. Yes, this is an additional letter I wrote to Southwestern Life.

Q. And what did you say in that letter?

A. It says that after reviewing their letter denying the $40,000 payment, that I was protesting, due to the fact that their company did have access to Dr. Cavenaugh's records, that to [sic] other insurance companies, the policies of what had gone into effect about the same time as the Southwestern Life did, had paid, and I was protesting again.

Therefore, if any error was committed in admitting the letter, such error is rendered harmless by allowing the above testimony without making any objection. *Gulf, Colorado & Santa Fe Railway Company v. DeLeon,* 373 S.W.2d 886, 889 (Tex.Civ.App. —Eastland 1963, writ ref'd n.r.e.); *Cubine v. Morgan,* 288 S.W.2d 537 (Tex.Civ.App.— Amarillo 1956, writ dism'd).

Point of Error No. One is overruled.

■ Point of Error No. Two asserts the trial court erred in admitting into evidence Appellee's edited letter (Plaintiff's Exhibit No. 6) because there was no evidence that Southwestern Life received the letter. Therefore, Appellant urges, by Point of Error No. Three, that the trial court erred in awarding the twelve percent damage penalty and attorney's fees.

The penalty provision afforded by Tex. Ins.Code Ann. art. 3.62 requires that written demand for payment must be made by the claimant before the twelve percent damages and attorney's fees provision applies.

Appellant offered testimony that the letter (Plaintiff's Exhibit No. 6) was never received by the insurance company. The Appellee, when testifying, failed to testify as to correctly addressing the envelope, placing the letter inside, placing a stamp on the envelope and then putting the letter in a mail deposit facility.

After testimony of non-receipt by Appellant, the Appellee was never recalled as a witness to prove up the mailing. No presumption therefore existed that the letter had been sent to Appellant.

We sustain Point of Error No. Two insofar as holding that the trial court should not have considered, if it did, Plaintiff's Exhibit No. 6 as evidence of demand sufficient enough to trigger the application of the penalty provisions under Tex.Ins.Code Ann. art. 3.62.

Was there other evidence sufficient to constitute "demand" that would justify the trial court's action in allowing the award of twelve percent damages and attorney's fees to Appellee? Yes, we find that Plaintiff's Exhibit No. 2 meets the requirements of "demand" justifying the trial court's application of the penalty provisions of Tex.Ins.Code Ann. art. 3.62.

Plaintiff's Exhibit No. 2 was admitted into evidence, and there is no contention that this letter was not received by Appellant. The letter was dated November 13, 1984, addressed to the Appellant and states as follows:

Re: James K. Green
    Policy number 350872
          905580
          00910011256

Dear Sir or Madam:

Please find enclosed certified copy of Death Certificate for my husband, J. Kenneth Green.

*Will you please send the necessary forms required to facilitate payment of amounts for the above referenced policies.* [Emphasis added].

If you should have any questions, please contact me at the above address and/or telephone number.

        Yours very truly,
        Doris L. Green
        Independent Executrix of
        The Estate of
        J. Kenneth Green

■ A "demand" has been explained as a request to do a particular thing specified under a claim of right.

" 'It follows that a request to do the same thing under the same claim of right would be the equivalent to a demand for the same thing. * * * It does not matter in what terms the demand may be couched.' " The substance of it is that there is an assertion of a right and a demand for the recognition and performance of the obligation upon which such right rests. *National Life and Accident Ins. Co. v. Dove*, 141 Tex. 464, 174 S.W.2d 245, 247 (1943).

■ In our case, the above letter from the Appellee to Appellant requesting forms to facilitate payment due on the policies was an assertion of a right and a demand for payment sufficient to put Appellant on notice of her claim under the policy. Black's Law Dictionary (5th ed. 1979) defines "CLAIM" as "[t]o demand as one's own or as one's right; to assert; to urge; to insist." The claim forms submitted to Appellant were on forms sent to Appellee by Appellant. The Appellant's claim form was admitted into evidence as Plaintiff's Exhibit No. 3 and clearly contains the language that the proof of death form "constitutes claim for such insurance. . . ." The form contains the policy number of the $50,000.00 policy and was signed and sub-mitted by the Appellee. It showed an execution date of December 8, 1984, and no assertion is made that this claim form was not received by Appellant. The Appellant recognized the submission of Appellee's claim and thereafter denied payment on the policy. *International Security Life Insurance Company v. Bryant*, 453 S.W.2d 869 (Tex.Civ.App.—Amarillo 1970, writ ref'd n.r.e.). *Parisi v. Washington National Insurance Company*, 501 S.W.2d 732 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). This is not in conflict with our opinion in *Compton v. Travelers Insurance Company*, 483 S.W.2d 383 (Tex. Civ.App.—El Paso 1972, no writ) because there was no denial of liability as in the present case. Certainly Plaintiff's Exhibit Nos. 2 and 3 constitute sufficient evidence that "notice" and "demand" were given by Appellee justifying the trial court's application of the penalty provision of Tex.Ins. Code Ann. art. 3.62. Point of Error No. Three is overruled.

Points of Error Nos. Four, Five, Six, Seven, Eight, Nine and Ten are separately stated but argued together.

■ Appellant complains of the failure to submit its requested issues and instructions instead of Issue No. Two that was submitted. The trial court conditionally submitted Issue No. Two. It was to be answered only if the jury had answered number one with a finding that the insured had misrepresented the state of his health when he applied for the insurance policy. Issue No. Two then asked: "Was such misrepresentation, if any you have found, made by James Kenneth Green with the intent to deceive the Southwestern Life Insurance Company?" In conjunction with the issue, the trial court gave this instruction: "You are instructed that the intent of a person at the time of a certain event may be deduced from the facts and circumstances surrounding the event in question." This issue properly placed the burden of proof and the instruction accompanying the issue was not error. *Young v. Members Life Insurance Company*, 624 S.W.2d 821 (Tex.App.—El Paso 1981, no writ). The trial court is vested with considerable dis-

cretion in deciding which issues and instructions are proper when submitting the charge. Tex.R.Civ.P. 277, *Jacobs v. Jacobs*, 670 S.W.2d 312 (Tex.App.—Texarkana 1984, writ ref'd n.r.e.), *Thomas v. Oil & Gas Building Inc.*, 582 S.W.2d 873 (Tex. Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

Points of Error Nos. Four, Five and Nine are overruled.

Points of Error Nos. Six and Eight assert error in failing to grant Appellant's motion for new trial because there was no evidence and/or insufficient evidence to support the jury's answer to Issue No. Two.

Point of Error No. Seven asserts that the trial court erred in failing to grant Appellant's motion for new trial because the jury's finding on Issue No. Two was against the overwhelming weight and preponderance of the evidence.

When considering legal insufficiency or "no evidence" points, we should only consider that evidence and reasonable inferences therefrom, which viewed in its most favorable light supports the court's findings and rejects all evidence or reasonable inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). Whereas, in a factual insufficiency argument, we consider all of the evidence including that which is contrary to the verdict. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Appellant had the burden of proof on whether the insured "intended to deceive" the Appellant by his answers to the questions in the insurance forms (Issue No. Two). *Mayes v. Massachusetts Mutual Life Insurance Company*, 608 S.W.2d 612 (Tex.1980). Therefore, our review is properly based on whether "as a matter of law" the deceased intended to deceive Appellant by his misrepresentations rather than on the basis of "no evidence" to support the finding of the jury on Issue No. Two.

Appellee called, as a witness, a certified alcoholism and drug abuse counselor, who also taught an alcohol and drug abuse course at Midland College. This witness also held a college degree in counseling psychology and was owner and director of "Talk It Over" a counseling service in Midland, Texas. His qualifications were not challenged. He was asked and answered the following questions.

Q. [I]f an individual with alcoholism or an alcohol problem that had not received treatment or joined Alcoholics Anonymous, would answer a question relating to excessive use of alcohol by that individual in the negative, they wouldn't be answering that to deceive anyone?

A. No.

Q. If you can assume with me also those same set of facts that a question was posed to that individual of whether they had liver problems, if they would answer that in the negative, would that be consistent with denial also?

A. Yes.

During cross-examination, the witness was asked:

Q. Do people that use too much alcohol deny their other physical problems?

A. Typically so, yes.

Q. All of them?

A. Yes.

Certainly this constitutes some evidence that prohibits us from finding, as a matter of law, that the deceased intended to deceive the Appellant into issuing the exchange policy. This is not the situation where a prospective applicant for insurance seeks out the company but where the company is seeking out one of its present policyholders. Because there was probative evidence to support the finding of the jury, Appellant's challenge fails.

Point of Error No. Six is overruled.

Point of Error No. Eight is overruled for it asserts an "insufficient evidence" claim as to Issue No. Two which is an issue on which Appellant had the burden of proof.

Point of Error No. Seven properly raises a challenge to Issue No. Two asserting the answer of the jury as to Issue No. Two was against the overwhelming weight and preponderance of the evidence and

therefore the trial court erred in failing to grant Appellant's motion for new trial.

In reviewing the evidence, the finding of the jury that the insured did not intend to deceive the Appellant was not contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986), Appellee's expert testified it was common for established alcoholics, before treatment, to deny and actually believe their denial of existence of any alcoholic problems and, as such, would deny problems associated with alcohol to others. Further, there was also evidence that an alcoholic's denial of alcohol problems to others, even though maybe untrue, would not be made with an intent to deceive. Therefore, "intent to deceive" properly was submitted and there was sufficient probative evidence to support the jury's answer to Issue No. Two.

Point of Error No. Seven is overruled.

Point of Error No. Nine asserts that the trial court erred in submitting Issue No. Two because it placed a greater burden of proof on Appellant than is required.

Point of Error No. Ten asserts that the trial court erred in conditionally submitting Issue No. Two.

We find that the trial court properly submitted Issue No. Two, and that it properly placed the burden of proof. We find no conflict with the opinion in the *Mayes v. Massachusetts Mutual Life Insurance Company,* 608 S.W.2d at 616, which requires that five elements must be pled and proved before the insurer may avoid a policy because of misrepresentations of the insured: (1) the making of the representation; (2) the falsity of the representation; (3) reliance thereon by the insurer; (4) the intent to deceive on the part of the insured, and (5) the materiality of the representation. A negative finding on any one element would prevent the insurer from avoiding liability in a misrepresentation case. Therefore, the conditional submission of Issue No. Two was not error.

Points of Error Nos. Nine and Ten are overruled.

In addition, we have considered the pleadings of the parties, the evidence presented at trial, the charge in its entirety and the errors urged by Appellant. We cannot say that any of the alleged errors resulted in such a denial of Appellant's rights as to cause the rendition of an improper verdict and judgment. *Island Recreational Development Corporation v. Republic of Texas Savings Association,* 710 S.W.2d 551 (Tex.1986). Tex.R.App.P. 81(b)(1).

The judgment of the trial court is affirmed.