Maximino Carrillo Castro v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-363-CR

     MAXIMINO CARRILLO CASTRO,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 00-022-CR
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Maximino Carrillo Castro pleaded guilty without the benefit of a plea recommendation to
possession of cocaine in the amount of 4 grams or more but less than 200 grams with intent to
deliver. Following a punishment hearing, the court sentenced him to seven years’ confinement,
and he appealed.
      Castro has filed a motion to dismiss his appeal. Rule of Appellate Procedure 42.2(a)
provides:
At any time before the appellate court's decision, the appellate court may dismiss the
appeal if the party that appealed withdraws its notice of appeal—by filing a written
withdrawal in duplicate with the appellate clerk, who must immediately send the duplicate
copy to the trial court clerk. An appellant must personally sign the written withdrawal.

Tex. R. App. P. 42.2(a).
      We have not issued a decision in this appeal. Castro personally signed the motion. The Clerk
of this Court has sent a duplicate copy to the trial court clerk. See id.; McClain v. State, 17
S.W.3d 310, 311 (Tex. App.—Waco 2000, no pet.) (per curiam). Accordingly, Castro’s appeal
is dismissed.
 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed
Opinion delivered and filed March 27, 2002
Do not publish
[CR25]



;                                      

      Two of the original Appellants, Deborah M. Lewis and G. S. Parker, have notified us that
they no longer wish to prosecute their appeal and are not participating in the motion for rehearing. 
No action by this court is required. Appellant Richard Mowrer's motion to dismiss his appeal is
granted. 
      Notwithstanding a vigorous motion for rehearing filed on behalf of the remaining Appellants,
we continue to believe that the review of a trial court's action in awarding attorney's fees as part
of the settlement of a class-action suit is reviewable under an abuse-of-discretion standard. See
Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 934 (Tex. App.—Austin 1987, no writ)
(citing Oake v. Collin County, 692 S.W.2d 454, 455 (Tex. 1985)). Our holding follows the
general rule that the amount of attorney's fees to be awarded is within the discretion of the trial
court and will not be disturbed on appeal unless an abuse of that discretion is shown. See Pontiac
v. Elliott, 775 S.W.2d 395, 401 (Tex. App.—Houston [1st Dist.] 1989, writ denied) (DTPA case);
Gonzalez v. Nielson, 770 S.W.2d 99, 102-03 (Tex. App.—Corpus Christi 1989, writ denied) (suit
on promissory note; review of legal and factual sufficiency rejected in favor of abuse-of-discretion
review); Travelers Ins. Co. v. Brown, 750 S.W.2d 916, 918-19 (Tex. App.—Amarillo 1988, writ
denied) (suit for medical expense reimbursement); Brazos County Water Control v. Salvaggio, 698
S.W.2d 173, 177-78 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.) (attorney's fees
awarded after condemnation suit dismissed); City of Houston v. Blackbird, 658 S.W.2d 269, 274
(Tex. App.—Houston [1st Dist.] 1983, writ dism'd) (when evidence supports trial court's
allowance of attorney's fees, no abuse of discretion shown); Houston Lighting & Power Co. v.
Dickinson, 641 S.W.2d 302, 311 (Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.)
(dispute over tax assessment).
      The determination of whether a court abused its discretion is a question of law. Jackson v.
Van Winkle, 660 S.W.2d 807, 810 (Tex. 1983). Deciding that abuse of discretion is the proper
standard of review carries with it the decision of other appellate issues, i.e., that the entire
record—rather than the "evidence"—is the proper scope of review,


 that any factual issues decided
by the court in reaching the decision under review are not reviewed by legal- and factual-sufficiency standards,


 and that findings of fact and conclusions of law, while "helpful," are not
required.


 Thus, we recognize that if we are wrong about the standard of review, then we are
wrong about the trial judge's refusal to make findings of facts and conclusions of law and about
the lack of necessity for addressing Appellants' legal- and factual-sufficiency points.
      Appellants' motion for rehearing is denied.
 
                                                                                           BILL VANCE
                                                                                           Justice


Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Motion for Rehearing Denied
Opinion delivered and filed May 19, 1993
Publish